## 21784. CHUMLEY *v.* LOUISVILLE & NASHVILLE RAILROAD COMPANY.

STEPHENS, J. 1. Where, after a person approaching a railroad-crossing in an automobile reached the railroad track, and a train was at the same time approaching, a watchman stationed at the crossing by the railroad company "frantically" waved his flag and stop-signal and commanded the driver of the automobile to turn back, although the watchman may at the time have known that the driver of the automobile could have crossed the track in safety before the advent of the train, the conduct of the watchman, if performed in good faith and for the purpose of warning the driver of the automobile of danger from the approaching train, was not negligence; and where the driver, in response to the commands of the watchman, turned his automobile around and away from the track and proceeded up a very steep driveway, and, on account of the driver's confusion caused by the conduct of the watchman, the driver's hurry to comply with the commands of the watchman, and the driver's knowledge that the train was approaching, the driver's foot became "hung in the reverse pedal of the automobile instead of the driving pedal," and the automobile ran backwards down grade and into the engine of the train as the train was traversing the crossing, and as a result thereof the driver of the automobile was killed, the conduct of the watchman, not being negligence, afforded no basis for a right of action against the railroad company for the homicide.

2. The operation of the train over the crossing at a rate of speed in excess of that allowed by law, or the failure of the operatives of the train to signal its approach by the sound of a whistle or gong, was not the proximate cause of the driver's injury. *Moore* v. *Seaboard Air-Line Ry. Co.*, 30 *Ga. App.* 466 (118 S. E. 471).

3. Where, in the petition in a suit by the wife of the driver against the railroad company to recover for her husband's homicide, it did not appear that the conduct of the watchman, in "frantically" waving his flag and stop-signal and commanding the driver of the automobile to turn back, was in bad faith or was done for some purpose other than to warn the driver of danger, it was not alleged that the conduct of the watchman was negligence, and where it also did not appear in the petition that the other alleged acts of negligence of the defendant proximately caused the injury complained of, the petition failed to set out a cause of action, and the court properly sustained the general demurrer thereto.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 22, 1932.

*H. B. Moss,* for plaintiff.
*Tye, Thomson & Tye, Morris & Wallace,* for defendant.

