40833.   COCHRAN, by Next Friend v. SOUTHERN BUSINESS UNIVERSITY, INC.

FRANKUM, Judge.   1.   When the defendant has made a motion for a summary judgment under the provisions of *Code Ann. Ch.* 110-12, which motion is supported by affidavits, depositions, or other evidentiary matter showing a prima facie right on the part of the defendant to have a summary judgment rendered in his favor, the duty is cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions or affidavits, sufficient to show to the court that there is a genuine issue of fact to be decided by the jury. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193).

2. In such a case the depositions or affidavits offered in support of the plaintiff's case and in opposition to the defendant's motion for a summary judgment must affirmatively show that the plaintiff's case is provable by competent evidence. *Moore v. Atlanta Transit System,* 105 Ga. App. 70, 72 (1) (123 SE2d 693).  Section 5 of the Act approved March 17, 1959 (Ga. L. 1959, pp. 234, 235), provides in part: "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall *show affirmatively* that the affiant is competent to testify to the matters stated [t]herein." *Code Ann.* § 110-1205.  (Emphasis ours).  An affidavit which shows on its face that it is not made on the personal knowledge of the affiant is insufficient to show to the court that there is a genuine dispute for the jury to decide.

3. Where, as in this case, the defendant pleads in defense of the plaintiff's action of debt and for money had and received that the sum which the plaintiff seeks to recover was paid

under a written contract, a copy of which was attached as an exhibit to the defendant's answer, which contract, apparently binding on its face, provides that the money consideration recited as having been paid by the plaintiff to the defendant, would be refunded only on the happening of certain specified contingencies; and where plaintiff, by failing to answer the defendant's request for admissions, admitted execution of the contract, the part performance by the defendant of the contract, and the nonoccurrence of any of the contingencies necessary to be shown in order for the plaintiff to be entitled to recover from the defendant the money paid thereon; and where the plaintiff, in opposition to the motion for a summary judgment, filed with the court only an affidavit, which sought to inject into the case for the first time fraud on the part of the defendant in procuring the contract , and stated therein, in support of that contention, facts which were clearly not within the personal knowledge of the affiant, the Judge of the Civil Court of Fulton County, wherein the case was pending, did not err in granting the defendant's motion for a summary judgment.

*Judgment affirmed. Felton, C. J., and Pannell, J., concur.*

DECIDED NOVEMBER 19, 1964.

*Phillips, Johnson & Daniel, Wm. W. Daniel,* for plaintiff in error.

*Huie, Etheridge & Harland, Harry L. Cashin, Jr.,* contra.