42169. BUSSIE v. WILSON et al.

NICHOLS, Presiding Judge. 1. When the defendant has made a motion for a summary judgment under the provisions of *Code Ann. Ch.* 110-12, which motion is supported by affidavits, depositions, or other evidentiary matter showing a prima facie right on the part of the defendant to have a summary judgment rendered in his favor, the duty is cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions or affidavits, sufficient to show to the court that there is a genuine issue of fact to be decided by the jury. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193).

2. "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated [t]herein." *Code Ann.* § 110-1205.

3. An affidavit which shows on its face that it is not made on the personal knowledge of the affiant is insufficient to show to the court that there is a genuine dispute for the jury to decide. *Cochran v. Southern Business Univ.,* 110 Ga. App. 666 (139 SE2d 400); *Planters Rural Tel. Cooperative v. Chance,* 108 Ga. App. 146 (132 SE2d 90).

4. In the case sub judice the plaintiff's case is based upon the fact that an automobile in which he was riding was being driven by one Jim Pope as the agent of the owner Jesse L. Wilson at the time it collided with a telephone pole injuring the plaintiff. The affidavit of Jim Pope in support of the defendants' motion for summary judgment states that he was not the driver of the automobile and that another named person was the driver, while the counter-affidavit of the plaintiff affirmatively shows that he does not know who the driver was but that he believes Pope was the driver. It then gives his reasons for such belief. Accordingly, such affidavit is not sufficient to show a genuine issue of fact as to such controlling issue in the case and the trial court did not err in granting the defendants' motion for summary judgment.

*Judgment affirmed. Hall and Deen, JJ., concur.*

ARGUED JULY 6, 1966—DECIDED SEPTEMBER 6, 1966—
REHEARING DENIED SEPTEMBER 19, 1966.

*Henritze, Baker & Bailey, Kirby G. Bailey,* for appellant.
*Greer, Morris & Murray, Richard G. Greer,* for appellees.