44616. MULL v. AETNA CASUALTY & SURETY COMPANY et al.

JORDAN, Presiding Judge. This is an action by an employee's widow against a workmen's compensation carrier and its agent for the wrongful death of the employee resulting from the alleged negligence of the defendants in inspecting the machinery of the employer and failing to warn employees of the dangerous condition of a machine. The employee's death is shown by the allegations to be compensable under the workmen's compensation law. The trial court sustained the defendants' motion to dismiss the complaint as failing to state a claim upon which relief can be granted.

Under the circumstances alleged the workmen's compensation carrier and its representative in making such inspection were the alter ego of the employer within the statutory definition equating the insurance carrier to the employer "as far as applicable" and in this respect are entitled to the immunity afforded the employer, under the workmen's compensation law excluding, as against the employer, "all other rights and remedies of such employee, his personal representative, parents, dependents or next of kin, at common law or otherwise, on account of such injury, loss of service or death" and are not to be regarded as "a person or persons other than the employer" who may be "liable to pay damages." *Code* §§ 114-101,

114-102, 114-103, 114-403. See *Southern Wire &c., Inc. v. Fowler*, 217 Ga. 727 (124 SE2d 738).

Accordingly, the trial court properly sustained the defendants' motions to dismiss the complaint of the widow as failing to state a claim upon which relief can be granted.

Although the issue here decided is one of novel impression in this State, we have considered the numerous cases revealing a split of authority in other jurisdictions, because of differing statutory provisions and for other reasons, as cited and discussed in the briefs. For numerous citations, see 93 ALR2d 598 and Later Case Service, ALR2d.

*Judgment affirmed. Hall and Whitman, JJ., concur.*

ARGUED JULY 9, 1969—DECIDED NOVEMBER 12, 1969—REHEARING DENIED DECEMBER 10, 1969—

*Ross & Finch, Claude R. Ross, Ellis Ray Brown, Mundy, Gammage & Cummings, Lamar Gammage,* for appellant.

*Edward E. Dorsey, John C. Gray,* for appellees.