50922. UNITED STATES FIRE INSURANCE
COMPANY v. DAY.

ARGUED SEPTEMBER 2, 1975 — DECIDED OCTOBER 8, 1975 —
REHEARING DENIED OCTOBER 28, 1975 —

*Shoob, McLain, Jessee, Merritt & Lyle, C. James Jessee, Jr., George E. Duncan, Jr.,* for appellant.

*J. Richmond Garland, Garland & Garland, Benjamin B. Garland, Benjamin M. Garland, Hall & Bloch,* for appellee.

CLARK, Judge.

"You've got to accentuate the positive, eliminate the negative; latch on to the affirmative, don't mess with Mr. In-Between" were words of wisdom written by Savannah's famed song-writer, Johnnie Mercer. That lyric applies to the instant appeal where we are called upon to decide a single question: may an insurance company which carries both workmen's compensation and public liability coverage and shows by "positive" affirmative evidence that it made its inspections of the insured's premises solely in its role as workmen's compensation carrier and "negatives" any activity in its capacity as public liability insurer be held liable to its insured's employee for alleged negligently performed inspections of the insured's premises? Here there was no evidence to indicate any "messing with Mr. In-Between." Under the controlling decision of *Mull v. Aetna Cas. & Sur. Co.,* 120 Ga. App. 791 (172 SE2d 147) (certiorari dismissed as improvidently granted in 226 Ga. 462), our answer must be that the workmen's compensation carrier as the employer's alter ego is entitled to the tort

immunity afforded the employer under the Workmen's Compensation Act.

But the common law immunity of a workmen's compensation carrier pertains only to the insurer's compensation coverage. Therefore, in *Sims v. American Cas. Co.,* 131 Ga. App. 461 (202 SE2d 121), aff'd. 232 Ga. 787 (209 SE2d 61) it was held that where a workmen's compensation carrier insures an employer in a capacity *other* than compensation insurer, the carrier is then not immune with regard to actions stemming from acts done in connection with its other insurance policies.

In *Sims,* plaintiff brought suit against numerous insurers to recover for the wrongful death of her son, an employee of the insured. The complaint alleged that the employee was killed as a result of the insurer's negligent inspections of the premises upon which the deceased was employed. It was also alleged that one such defendant insurer, American Casualty Company, issued workmen's compensation insurance to the employer along with other coverages. The employee's death was compensable under the workmen's compensation laws. In a lengthy opinion our court reasoned that the carrier's immunity did not extend to suits "arising out of its other insurance policies" or "inspections made in connection therewith." Thus it was held that the complaint set forth a claim for relief even though American Casualty Company occupied the relation of workmen's compensation carrier. But *Sims* specifically affirmed *Mull v. Aetna Cas. &c. Co.,* supra. At page 474 Judge (now Justice) Hall wrote: "We conclude now, as we recognized in *Mull v. Aetna Cas. & Sur. Co.,* 120 Ga. App. 791 (172 SE2d 147) cert. dismissed, 226 Ga. 462 (175 SE2d 552), that the *compensation* insurer enjoys the employer's immunity."

*Sims* makes it clear that the common law liability of a workmen's compensation carrier arises from *misfeasance* in connection with policies other than workmen's compensation policies; and that, conversely, the common law liability of a workmen's compensation carrier does not arise from the mere writing of policies other than workmen's compensation policies. Thus, following *Sims,* we determine that an insurer which issues a workmen's compensation policy and also con-

tracts for other types of coverages is not liable in tort for the negligent inspection of the insured's premises when done pursuant only to the workmen's compensation coverage.

In the light of this conclusion we examine the evidence submitted in connection with the defendant insurer's motion for summary judgment.

Plaintiff sued United States Fire Insurance Company in tort to recover for injuries sustained upon the premises of his employer. He alleged defendant issued to plaintiff's employer, Robertson Furniture Company, a workmen's compensation policy and a public liability policy; that defendant negligently inspected the premises of the insured pursuant to the provisions of the two policies and as a service performed in addition to the policies; and that defendant's negligent inspection was the cause of plaintiff's injuries. In its answer defendant admitted it had issued separate policies of workmen's compensation and public liability insurance to Robertson Furniture Company, and that it inspected the insured's plant on several occasions prior to the incident in question. But defendant asserted that all inspections were performed solely pursuant to its role as workmen's compensation carriers; furthermore, defendant denied that it was negligent in inspecting the premises or that it was liable to plaintiff for his injuries.

Following discovery, defendant moved for summary judgment. In support of its motion, defendant submitted the affidavits of three employees of Crum & Forster Insurance Companies (a group of insurance companies which includes defendant). In sum, the affiants averred all inspections of the insured's premises were undertaken in accordance with the insured's workmen's compensation policy only; that no inspections were made pursuant to the other policy written on the insured; that any recommendations sent to the insured related solely to the workmen's compensation coverage; and that reports of the inspections were neither directly nor indirectly related to defendant's role as general liability insurer.

Thereafter, plaintiff filed an affidavit in opposition to defendant's summary judgment motion. The affiant

therein, a practicing attorney, averred that he graduated from the University of Georgia in 1970 with a B.B.A. degree in Risk Management and Insurance; that he was president of the University of Georgia Insurance Society and received an award as the outstanding risk management student at the University of Georgia; that during the summer of 1969, he participated in an internship program in which he worked in the Special Accounts Insurance Department of the Hartford Insurance Group in Hartford, Connecticut; that he familiarized himself with current standards of the insurance profession and consulted several books which he considered authoritative; and that it was his "conclusion" that where an insurer writes workmen's compensation and general liability insurance on an insured, "any inspection made pursuant to the Workmen's Compensation coverage necessarily includes an inspection under the General Liability coverage."

Defendant moved to strike the attorney's affidavit following its tender by plaintiff. Over this objection to the affidavit, the trial court denied defendant's motion for summary judgment. From this ruling, defendant appeals with the requisite review certificate.

Does an issue of fact exist as to whether defendant negligently inspected the premises of its insured in connection with its public liability policy?

"When the defendants have made a motion for a summary judgment under the provisions of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; Code Ann. § 81A-156), which motion is supported by affidavits, depositions, or other evidentiary matter showing a prima facie right on the part of the defendants to have a summary judgment rendered in their favor, the duty is cast upon the plaintiff to produce rebuttal evidence at the hearing thereof, by the introduction of depositions or affidavits, sufficient to show to the court that there is a genuine issue of fact to be decided by the jury. *Scales v. Peevy,* 103 Ga. App. 42, 47 (118 SE2d 193); *Cochran v. Southern Business University,* 110 Ga. App. 666 (139 SE2d 400); *Bussie v. Wilson,* 114 Ga. App. 298 (151 SE2d 186)." *Stephens County v. Gaines,* 128 Ga. App. 661 (1) (197 SE2d 424).

Through its supporting affidavits, defendant demonstrated a prima facie right to summary judgment by piercing plaintiff's allegation that it negligently inspected the insured's premises pursuant to the public liability policy. Thus, the burden was upon plaintiff to produce rebuttal evidence at the summary judgment hearing. Plaintiff's opposing affidavit did not meet this burden.

Affidavits supporting or opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in the evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Code Ann. § 81A-156 (e).

Assuming arguendo plaintiff's opposing affidavit met these evidentiary requirements, we nevertheless rule that plaintiff has not come forth with evidence sufficient to raise a factual question. Plaintiff's affidavit fails to contradict defendant's positive evidence that its inspections were performed solely in connection with the workmen's compensation policy. It merely concludes that the *general* practice in the insurance industry is to inspect an insured's premises with regard to both workmen's compensation and public liability policies. This attestation does not contravene the direct affirmative evidence concerning the conduct of this defendant on the occasion in question. Compare *Fletcher Emerson &c. Co. v. Davis,* 134 Ga. App. 699 (215 SE2d 725).

Parenthetically, we observe that at the time of the hearing on the motion for summary judgment, there was an outstanding request to defendant for production of documents for inspection and copying. These included production of the insurance policies, inspection reports pursuant to any insurance coverage and similar data. The court's order denying summary judgment recites that it was entered "after considering the pleadings, all of the evidence in said case and after hearing the arguments of counsel for both parties." From this it appears that no motion for continuance was made for the purpose of awaiting the outcome of the defendant's answers to the notice for production of documents. Accordingly, this amounted to a waiver. Code Ann. § 102-

106; *Bragg v. State,* 15 Ga. App. 623 (1) (84 SE 82); *Swain v. State,* 162 Ga. 777 (6) (135 SE 187).

As no genuine issue of fact appears from the appellate record the trial court erred in denying defendant's motion for summary judgment.

*Judgment reversed. Pannell, P. J., concurs. Quillian, J., concurs specially.*

QUILLIAN, Judge, concurring specially.

1. I am constrained to agree that a cause of action was set forth because we are bound by that which was held in *Sims v. American Cas. Co.,* 131 Ga. App. 461 (206 SE2d 121). While I would not have come to the same conclusion as that which was held in the *Sims* case, I feel the only way to retain an orderly system of appellate practice in this court and the Supreme Court is to follow prior decisions whether or not I agree with the rulings held therein. Unless this process is followed neither the trial courts nor the bar can conduct cases with any reasonable certainty as to their final conclusion. This is not to say that I do not feel that any previous case should not be overruled where it was clearly in error. However, the *Sims* case does not fall in that category.

2. In the case sub judice had the plaintiff made a motion to continue the hearing until the date of the motion to produce was to be answered I would agree that the case should be affirmed. However, in my opinion, the failure to make such motion constituted a waiver.

ON MOTION FOR REHEARING.

By motion for rehearing, plaintiff directs our attention to *Aetna Cas. &c. Co. v. C. P. Co.,* 134 Ga. App. 552 (215 SE2d 314) which he contends is contrary to our decision herein. We disagree. Unlike the insurer in the case at bar, the *Aetna* insurer did not affirmatively demonstrate that it limited its inspections of the insured's premises to its workmen's compensation coverage.

*Motion for rehearing denied.*