## 56354. NEWTON v. LIBERTY MUTUAL INSURANCE COMPANY.

MCMURRAY, Judge.

Defendant Liberty Mutual Insurance Company provided both workmen's (now workers') compensation insurance and general liability insurance to Barrow Manufacturing Company. Plaintiff Newton, an employee of Barrow Manufacturing Company, was burned when a pants pressing machine malfunctioned. Plaintiff brought this action for damages alleging that her injuries resulted from defendant's negligent inspection of the plant and equipment of Barrow Manufacturing Company.

Defendant made its motion to dismiss or in the alternative for summary judgment. Summary judgment was granted in favor of defendant, and plaintiff appeals. *Held:*

1. Where an insurer issues both workmen's compensation and public liability insurance policies but limits its inspections of insured's premises to its role of workmen's compensation carrier, it is entitled as the employer's alter ego to the immunity afforded the employer under the Workmen's Compensation Act as against tort claims of insured employees. See *U. S. Fire Ins. Co. v. Day,* 136 Ga. App. 359 (221 SE2d 467).

2. Although defendant has presented evidence that its inspections of the facilities of Barrow Manufacturing Company were conducted solely in its capacity as workmen's compensation insurer we agree with plaintiff's contention that the record contains evidence that the defendant's inspections were conducted not solely for workmen's compensation purposes but also for purposes related to the general liability policy. The records of defendant relating to the inspections do not identify the purpose of the inspections as being related solely to workmen's compensation, nor were the employees of defendant who conducted the inspection told

that the inspection was solely under the workmen's compensation policy. Both the workmen's compensation policy and the general liability policy contained the same language relating to the authorization of inspections by the defendant. Although in the normal course of events persons other than on duty employees would not be allowed into the pressing room, it is not denied that injuries to individuals other than employees are foreseeable due to malfunctions or accidents in the pressing room.

An issue of material fact remains for the jury as to the purpose of defendant's inspections of the pressing room.

Defendant attributes the cause of the accident to the malfunction of an air valve which, according to the deposition of the plant manager, could not have been detected or foreseen by inspection other than perhaps a virtually continuous inspection of the machinery. The plaintiff, however, stated in her deposition that the cause of the malfunction was the failure of a spring and has alleged in her complaint that defendant was negligent in failing to recommend to Barrow Manufacturing Company that the machine in question be equipped with a safety catch or secondary catch device to prevent the top of the machine from unexpectedly coming down from an up position in the event of the primary mechanism's malfunctioning, wearing out, or breaking. Issues of causation remain for the jury's determination.

Although acknowledging that no Georgia case has so held, defendant contends that the reliance of the insured (plaintiff's employer) upon the inspection was essential to a recovery. Compare *Redwing Carriers, Inc. v. Travelers Ins. Co.,* 147 Ga. App. 872, and *Winslett v. Twin City Fire Ins. Co.,* 141 Ga. App. 143 (232 SE2d 638). The defendant has presented evidence that plaintiff was unaware of defendant's inspections and therefore could not have relied upon them and that Barrow Manufacturing Company did not expect the defendant to inspect each machine, checking each of hundreds of parts on each machine. However, we find conflicting evidence was presented on the issue raised by plaintiff's assertion that Barrow Manufacturing Company relied upon the inspections to the extent of imposing upon defendant a

duty to inform Barrow Manufacturing Company of the need for a safety catch or secondary safety mechanism if in fact such were needed. The plant manager viewed the function of the inspections by the defendant as being to prevent accidents, and stated that in a general way defendant was involved in the safe operation of Barrow's machines and that he used the reports made by defendant after its inspections, passing along useful information to the maintenance personnel responsible for maintaining the pants pressing machine such as the one which plaintiff was operating when she was injured. He stated in reference to defendant, "[i]f they do see a hazardous operation, they will bring it to our attention . . ." Issues of material fact remain for jury determination.

*Judgment reversed. Quillian, P. J., and Webb, J., concur.*

Argued September 5, 1978 — Decided January 15, 1979.

*Irwin M. Levine,* for appellant.
*Nall & Miller, Lowell S. Fine,* for appellee.