**Ruth GRAY, Plaintiff,**

v.

**CHARLES BECK MACHINE CORPORATION, First Defendant,**

**and**

**Federal Insurance Company, Second Defendant.**

**Civ. A. No. 179–100.**

United States District Court,
S. D. Georgia,
Augusta Division.

Aug. 18, 1980.

C. Frederick MacDowell, A. Stephenson Wallace, Augusta, Ga., for plaintiff.

Patrick J. Rice, Augusta, Ga., for first defendant.

Paul K. Plunkett, C. Thompson Harley, Augusta, Ga., for second defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

BOWEN, District Judge.

Plaintiff was an employee of Paper Products, Inc. [Paper Products]. She received serious personal injury during the operation of a machine called a "Beck Sheeter." In this action, initially brought against Charles Beck Machine Corporation [Beck], plaintiff alleges that Beck negligently designed and manufactured a dangerous and unsafe machine. By amended complaint, plaintiff added Federal Insurance Company [Federal] as a party defendant alleging *inter alia* : (1) Federal is the general liability and workers' compensation insurance carrier for Paper Products, (2) in its capacity as the general liability carrier for Paper Products, Federal inspected the premises of Paper Products for the purpose of insuring the safety of Paper Products' employees, (3) Federal negligently inspected the premises of Paper Products in failing to discover and warn Paper Products and its employees of the inherent safety deficiencies of the machine.

Presently before the Court is Federal's motion for summary judgment. The motion is supported by affidavits and depositions. Federal argues: (1) it is not the public liability insurance carrier for Paper Products, (2) Federal carries the workers' compensation insurance and property insurance with no liability coverage for Paper Products, (3) any safety inspections for the safety of the employees of Paper Products were undertaken by Federal pursuant to the workers' compensation policy, and (4) inspections made under the property insurance policy were only to rate the risk of potential damage to the Paper Products building. As such, Federal claims it is not subject to liability as a third-party tortfeasor.

Under Georgia law "[w]here an employee has accepted the workmen's compensation act . . . ., his rights against the

employer to recover on account of injuries sustained by reason of the breach of any duty arising out of the relation are determinable solely under the provisions of the act, and are not determinable at common law." *McLaughlin v. Thomson, Boland & Lee, Inc.,* 72 Ga.App. 564, 564, 34 S.E.2d 562, 563 (1945); *see Sands v. Union Camp Corp.,* 559 F.2d 1345 (5th Cir. 1977); *Mitchell v. Hercules Incorporated,* 410 F.Supp. 560 (S.D.Ga. 1976). This employer immunity from actions at common law does not, with certain key exceptions, extend to third–party tortfeasors. Ga.Code Ann. § 114–103 (Cum. Supp.1979). *See generally* Comment, *The Worker's Compensation Insurer as a Third Party Tortfeasor in Georgia,* 30 *Mercer L.Rev.* 339, 339 (1978) [hereinafter cited as *Third Party Tortfeasor*]. One such exception, at issue in the present case, is that "the workmen's compensation carrier as the employer's alter ego [*see* Ga.Code Ann. 114–101 (1973)] is entitled to the tort immunity afforded the employer under the Workmen's Compensation Act." *United States Fire Insurance Co. v. Day,* 136 Ga.App. 359, 359–60, 221 S.E.2d 467, 469 (1975) (citing *Mull v. Aetna Casualty & Surety Co.,* 120 Ga.App. 791, 172 S.E.2d 147 (1969)).

Yet, the compensation–insurer immunity is not absolute. In *Sims v. American Casualty Co.,* 131 Ga.App. 461, 478, 206 S.E.2d 121 *aff'd* 232 Ga. 787, 209 S.E.2d 61 (1974), the Georgia Court of Appeals recognized that insurers of an employer, other than the compensation carrier, may be subject to common law tort liability for negligent safety inspections. The court extended this principle, holding that "the compensation insurer itself is not . . . immunized if it occupies the relation of insurer in any capacity other than compensation insurer". *Id.* at 474, 206 S.E.2d at 130.

■ The mere writing of insurance policies other than workers' compensation, however, does not by itself abrogate the compensation carrier's immunity. *United States Fire Insurance v. Day,* 136 Ga.App. 359, 360, 221 S.E.2d 467 (1975). "[A]n insurer which issues a workmen's compensation policy and also contracts for other types of coverages is not liable in tort for the negligent inspection of the insured's premises when done pursuant only to the workmen's compensation coverage." *Id.* at 360–61, 221 S.E.2d at 469. The corollary of this holding is that for common law tort liability to arise under another policy of the compensation insurer, negligent safety inspections must be undertaken pursuant to that other policy. *See generally Third Party Tortfeasor, supra,* at 344.

A final issue in determining insurer liability for negligent inspection is whether "reliance" on the inspection is a prerequisite to recovery. Georgia courts have intimated that reliance is an essential element of the tort. *See, e. g., Winslett v. Twin City Fire Insurance Co.,* 141 Ga.App. 143, 232 S.E.2d 638 (1977). Recently, in *Huggins v. Aetna Casualty & Surety Co.,* 245 Ga. 248, 248, 264 S.E.2d 191, 192 (1980), the Georgia Supreme Court held "that reliance by either the employee or the employer on their inspections is sufficient to give rise to a cause of action in tort for negligent inspection by the insurance companies." Yet, the *Huggins* court also adopted the majority rule of the *Restatement (Second) of Torts* § 342A (1965) which provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Thus, it is apparent that "reliance" is but one of three bases of recovery for negligent inspection depending upon the facts of the particular case. *See also Tillman v. Travelers Indemnity Co.,* 506 F.2d 917 (5th Cir. 1975).

In this case, Federal did not carry the liability insurance policy for Paper Products. Affidavits of Charles A. Warne, W. P. Hicks, and Roy Scarborough, Jr. *Cf. Newton v. Liberty Mutual Insurance Co.,* 148 Ga.App. 694, 252 S.E.2d 199 (1979) (purpose of inspection held a jury question when defendant insurance company provided both workers' compensation insurance and general liability insurance). The two policies provided by Federal were only workers' compensation insurance and a "fire" policy or property insurance with no liability coverage. Deposition of William Hicks, at 5. Federal reserved the right to inspect the premises of Paper Products. Surveys and inspections made of the plant of the Augusta Division of Paper Products where plaintiff's injury occurred were limited to the particular policy. Affidavit of William D. Sinclair. Safety inspections for the safety of the employees of Paper Products were made pursuant to Federal's workers' compensation policy, and inspections made under the property insurance coverage were to evaluate the risk to the plant building and property contents. *Id.*

The Court recognizes that on a motion for summary judgment, the burden is on the moving party to show that no doubt exists as to the facts and that only legal conclusions remain. *See Clark v. West Chemical Products, Inc.,* 557 F.2d 1155, 1157 (5th Cir. 1977). Federal has satisfied this burden. The evidence shows that any safety inspections undertaken by Federal were made in its capacity as workers' compensation insurer. Thus, despite the additional property insurance coverage, Federal enjoys the same immunity from common law tort actions as the employer. *See United States Fire Insurance v. Day,* 136 Ga.App. 359, 221 S.E.2d 467 (1975). Since there is no potential for common law tort liability, analysis of the "reliance" basis for recovery is unnecessary.

Accordingly the motion of second defendant Federal Insurance Company for summary judgment is granted. The Clerk shall enter judgment in favor of defendant Federal Insurance Company.