**Billy C. BUSSEY, Plaintiff-Appellant,**

v.

**The TRAVELERS INSURANCE COMPANY, Defendant-Appellee.**

**No. 80–7947**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Unit B

April 27, 1981.

Charles E. Floyd, Phenix City, Ala., for plaintiff-appellant.

Alan F. Herman, Frank C. Bedinger, III, Atlanta, Ga., for defendant-appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

Appellant Billy C. Bussey suffered an eye injury in an employment-related accident. He filed suit against his employer's insurance carrier, alleging that during its safety

inspections it failed to discover and correct the condition which caused the injury. The district court granted the insurer's motion for summary judgment on the ground that under Georgia law, Bussey did not establish the requisite degree of reliance by himself or his employer on the insurer's inspection services. We affirm on the basis of the district court opinion, attached hereto as an Appendix.

AFFIRMED.

## APPENDIX

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BILLY C. BUSSEY,<br> Plaintiff | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION |
| THE TRAVELERS INSURANCE | ) | NO. 79–179–COL |
| COMPANY, | ) | |
| Defendant | ) | |
| | ) | |

## OPINION AND ORDER

ELLIOTT, District Judge.

This diversity action arises out of an accident involving the Plaintiff while on the job. Bussey suffered an injury to his left eye while opening a bale of fiber on the premises of his employer. The bales are received by the employer in a compressed state and bound by heavy wire straps. While cutting bale straps Bussey received the injury to his eye when a strap was cut or broke of its own accord, and the loose end struck Plaintiff. Plaintiff received Worker's Compensation benefits for his medical expenses and lost wages and then filed suit against his employer's insurance carrier alleging that its negligent inspection resulted in a failure to discover and to warn of a hazardous condition, and that this hazardous condition was the cause of Plaintiff's injury. The Defendant denied any negligence, and filed a motion for summary judgment. The Court finds that there is no genuine issue of material fact in the case and that the Plaintiff cannot recover as a matter of law, concluding that the Defendant's motion should be sustained.

Under Georgia law, Plaintiff's cause of action is controlled by the requirements of § 324A of the Restatement, Second, Torts. *Winslett v. Twin City Fire Insurance Company*, 141 Ga.App. 143, 232 S.E.2d 638 (1977); *Beam v. Omark Industries, Inc.*, 143 Ga.App. 142, 237 S.E.2d 607 (1977); *St. Paul Fire and Marine Insurance Company v. Davidson*, 148 Ga.App. 82, 251 S.E.2d 32 (1978); and *Argonaut Insurance Company v. Clark*, 154 Ga.App. 183, 267 S.E.2d 797 (1980). § 324A of the Restatement reads as follows:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other for the third person upon the undertaking."

Sub-parts (a) and (b) of § 324A are not applicable to this case. There has been no showing by the Plaintiff that any act or omission on the part of the Defendant increased the likelihood of harm to Mr. Bussey. Likewise, there has been no showing that the Defendant carrier undertook to perform a duty owed by the employer to the workman. Furthermore, Plaintiff's brief in opposition to Defendant's motion for summary judgment concedes that under the law of Georgia he can only expect to establish a claim under sub-part (c).

The issue of reliance under § 324A has been addressed in several opinions of Georgia courts, most recently in the case of *Argonaut Insurance Company v. Clark*, 154 Ga.App. 183, 267 S.E.2d 797 (1980). In *Argonaut*, the plaintiff was injured while working in the scope of his employment with a construction company. Argonaut provided both worker's compensation and liability insurance for the employer and Clark had previously received worker's com-

pensation benefits. Clark filed his suit against the insurance company alleging negligent inspection. The *Argonaut* court noted that the Georgia Court of Appeals had previously adopted the standard set forth in § 324A of the Second Restatement, Torts, and further held that potential liability arose only under sub-part (c) of § 324A. The Restatement lists several illustrations as typifying the reliance contemplated in sub-part (c): negligent inspections of elevators by a third person where the owner of the building relies on the other's report that the elevator is in good condition (*Higgins v. Otis Elevator Company*, 69 Ga.App. 584, 26 S.E.2d 380 (1943)), and failure of a crossing guard employed by the railroad to warn of approaching trains (*Chumley v. L. & N. R. Co.*, 45 Ga.App. 732, 165 S.E. 917 (1932)). Such reliance is not evidenced by the facts of the case at bar. Further clarifying language may be found by turning, as the *Argonaut* court did, to the case of *Tillman v. Travelers Indemnity Company*, 506 F.2d 917 (5th Cir. 1975), "... and cases considered therein, ...". *Argonaut Insurance Company v. Clark*, 154 Ga.App. 183, at 187, 267 S.E.2d 797, supra.

In *Tillman*, Plaintiff sustained injuries in a work-related fall and brought an action against his employer's insurance carrier to recover additional damages because of the carrier's alleged negligence in providing certain safety surveys. The trial court directed a verdict in the carrier's favor, and the workman appealed. The Court of Appeals affirmed, holding that the action was controlled by § 324A of the Second Restatement, Torts, applied as Mississippi law. In addressing sub-part (c), the *Tillman* court found no evidence that the injured workman's accident occurred because of reliance by either the plaintiff himself or by his employer on the insurer's undertaking. Plaintiff Tillman offered no testimony concerning his own reliance on the carrier, but relied heavily upon alleged reliance by his employer. He showed the Court that whenever Travelers made safety recommendations, such were complied with by the employer. It was Plaintiff's contention that

this action by his employer supplied the necessary reliance factor. The *Tillman* court disagreed.

"Plaintiff misinterprets the type of reliance we referred to in *Stacy v. Aetna Casualty and Surety Company*, 484 F.2d 289 (5th Cir. 1973) and in our earlier case of *Hill v. United States Fidelity and Guaranty Company*, 428 F.2d 112 (5th Cir.), cert. denied, 400 U.S. 1008, 91 S.Ct. 564, 27 L.Ed.2d 621 (1971) (Florida diversity case): 'The carrier may also be liable if the employer so relied on the insurers undertaking that it neglected its own safety inspection program to his [the employees] detriment.'"

*Tillman v. Travelers Indemnity*, 506 F.2d 917, supra, *Stacy v. Aetna Casualty & Surety Company*, supra, 484 F.2d at 295. The *Tillman* court found the evidence before it failed to establish that plaintiff's employer had relied on Travelers' inspection services to plaintiff's detriment. While it was shown that Tillman's employer consulted with Travelers' safety representative and followed his recommendations for improvements, there was no indication that the employer had neglected or reduced its own safety program because of the carrier's survey efforts. Therefore, the *Tillman* court found no evidence of the type of reliance required by § 324A.

The facts of the instant case are almost identical with those of *Tillman*. Plaintiff Bussey testified in his deposition that he was aware of the presence of strangers in the plant, and that these strangers could have been representatives of Defendant, but Plaintiff testified that he did not rely on them. Similarly Bussey's employer consulted with Defendant's safety representative and occasionally utilized recommendations contained in Defendant's post-survey reports. However, the affidavit of the Assistant General Manager of Plaintiff's employer, and the deposition testimony of its personnel manager demonstrate that the employer initiated and directed its own safety program without aid from Travelers. There is no indication in the record that because of Travelers' actions the employer

neglected or reduced its own safety program. Therefore, as in *Tillman*, there has been no showing of the type of reliance required by § 324A.

In opposing Defendant's motion, Plaintiff relies on *Argonaut Insurance Company v. Clark*, supra, and *Newton v. Liberty Mutual Insurance Company*, 148 Ga.App. 694, 252 S.E.2d 199 (1979). The *Argonaut* opinion is not supportive of Plaintiff's contention. Additionally, Plaintiff's reliance upon *Newton* is not justified. The *Newton* opinion stands in apparent conflict with a line of established Georgia case law citing § 324A of the Second Restatement, Torts. E. g., *Winslett v. Twin City Fire Insurance Company*, 141 Ga.App. 143, 232 S.E.2d 638 (1977); *Beam v. Omark Industries, Inc.*, 143 Ga.App. 142, 237 S.E.2d 607 (1977); *St. Paul Fire and Marine Insurance Company v. Davidson*, 148 Ga.App. 82, 251 S.E.2d 32 (1978). The *Newton* opinion states as follows:

> "Although acknowledging that no Georgia case has so held, defendant contends that the reliance of the insured (plaintiff's employer) upon the inspection was essential to a recovery."

*Newton v. Liberty Mutual Insurance Company*, supra, 148 Ga.App. at 695, 252 S.E.2d 199. In fact § 324A had been adopted by the Georgia Court of Appeals and therefore the *Newton* opinion appears to be an aberration. In any event, the decision in *Argonaut Insurance Company v. Clark*, supra, 154 Ga.App. 183, 267 S.E.2d 797 (1980), is a more recent case applying § 324A, and therefore is clearly controlling.

As this action is controlled by § 324A of the Restatement of Torts, Second, and as there had been no showing of evidence of the type of reliance required by § 324A(c), Defendant Travelers Insurance Company's motion for summary judgment is hereby sustained and judgment will be entered accordingly.

This 14th day of October, 1980.