62212. FRED S. JAMES & COMPANY OF GEORGIA, INC. v. KING.

SOGNIER, Judge.

King, an employee of Cagles's, Inc., was injured on the job. King filed for, and was awarded, workers' compensation benefits as a result of the injury. Fred S. James & Co. of Georgia, Inc. (James) is an insurance broker who entered into a service agreement with Cagle's Inc., a self-insurer, to administer its workers' compensation program. Under the workers' compensation service agreement James was to: "Provide services at each of your major operating locations to assist in reducing accident levels, as well as striving for a decrease in the seriousness of your claims. Generally, the services will

include an analysis of work injuries, an in-depth survey, and a safety inspection, followed by written report."

King filed suit against James and United States Fire Insurance Company, the general liability carrier for Cagle's; King subsequently filed a notice of voluntary dismissal without prejudice as to United. King alleges that his injury resulted from a breach of James' contractual and common law duty to inspect and warn Cagle's *and* its employees of the defective, unsafe and dangerous condition of an ice auger which caused King's injuries.

James filed a motion for summary judgment on the ground that it is entitled to the same immunity from liability as the employer pursuant to Code Ann. §§ 114-101 and 114-103. The trial court denied James' motion for summary judgment and granted a certificate of immediate review. An application for interlocutory appeal was granted by this court.

Appellant contends that the trial court erred in denying its motion for summary judgment because the agreement with Cagle's applies only to the administration of the self-insurer workers' compensation program; that James is the alter ego of the employer; and that James is not subject to liability as a third party tortfeasor pursuant to Code Ann. § 114-103. Appellee contends that only the workers' compensation insurance carrier is entitled to the same immunity as the employer and that James is not an *insurer,* but an independent contractor who provides a service to Cagle's. Appellee argues that James is liable as a third party tortfeasor for failing to make a safety inspection under its contract with Cagle's and that James owed a duty to King as a beneficiary of the contract.

Whether James, an insurance broker providing a service to a self-insured employer, is immune from liability as a third party tortfeasor under the Workers' Compensation Act is a case of first impression in Georgia.

The definition of "employer" in Code § 114-101 includes the state, counties, municipal corporations and political divisions thereof; any individual, firm, association, or public or private corporation engaged in any business (with certain exceptions); and "any person who, pursuant to a contract or agreement with an employer as herein defined, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common law, master-servant relationship or contract of employment exists between the injured employee and the person providing such benefits. If the employer is insured, this term shall include his insurer as far as applicable."

Code § 114-103 provides, in pertinent part: "The rights and the remedies herein granted to an employee shall exclude all other rights

and remedies of such employee . . . at common law or otherwise, on account of such injury . . . Provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, except employees of the same employer or any person who, pursuant to a contract or agreement with an employer as defined in 114-101, provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common law, master-servant relationship or contract of employment exists between the injured employee and the person providing such benefits."

It is well settled in Georgia that a workers' compensation insurer and its representatives are the alter ego of the employer and are entitled to the same immunity from liability as the employer under the Workers' Compensation Act, Code Ann. § 114-101, et seq. *Mull v. Aetna Cas. & Surety Co.,* 120 Ga. App. 791 (172 SE2d 147) (1969); *Sims v. American Cas. Co.,* 131 Ga. App. 461, 474 (206 SE2d 121) (1974); *Newton v. Liberty Mut. Ins. Co.,* 148 Ga. App. 694 (1) (252 SE2d 199) (1979). The statutory immunity applies except where the insurer issues a policy covering risks *other than* workers' compensation and it acts or fails to act in accordance with a duty arising out of a general liability policy. *Sims* and *Newton,* supra. However, our courts have not been presented with the issue of whether an insurance broker or service agency which contracts with a self-insured employer to administer such employer's workers' compensation program (including safety inspections) is entitled to the same immunity as an insurer. Is a service agency under such circumstances the alter ego of the employer and, thus, immune from liability as a third-party tortfeasor?

Our research has revealed only two cases that have dealt with this issue. In Gallichio v. Corporate Group Service, Inc., 227 S2d 519 (Fla. App. 1969), a self-insured employer contracted with the defendant service corporation to make safety inspections of the employer's premises. The Third District Court of Appeal of Florida held that the injured employee's complaint was sufficient to charge the service corporation as a third-party tortfeasor, and held that the action was not barred by the immunity provision of the Longshoremen's and Harbor Workers' Compensation Act (§ 905, 33 U. S. C., Ch. 18, which provides that compensation from the employer is the employee's exclusive remedy).

Two years later, in Allen v. Employers Service Corporation, 243 S2d 454 (Fla. App. 1971), the Second District Court of Appeal of Florida declined to follow Gallichio and stated that the earlier case did not decide whether the service company occupied the position of an insurer, who in turn would stand in the shoes of the employer for

purposes of immunity from suit under the Workmen's Compensation Statute. The Allen court held that anyone who stands in the shoes of an employer or who, in privy with the employer or his privies, undertakes to perform or assist in the performance of the statutory duties imposed on the employer by the Workmen's Compensation Act (e.g., inspecting and advising as to the safety of employees) should be immune from suit as a third party tortfeasor by an employee covered under the workmen's compensation program. The court reasoned that to permit a suit against a service organization providing inspection services would act as a deterrent to employers from using such services because the service company's fees would be greater if it were exposed to liability to injured employees.

Subsequent to the injury which gave rise to the Allen case, the Florida legislature enacted § 440.11, F. S. 1969, F. S. A. in which compensation carriers and *service companies* were specifically granted immunity from third party tortfeasor liability to an injured employee when the service company was acting for and in behalf of an employer in carrying out the employer's responsibilities under the Workmen's Compensation Statute. However, the court in Allen did not base its decision on the statute specifically exempting service companies from liability.

Code Ann. § 114-103 provides that ". . . no employee shall be deprived of any right to bring an action against any third-party tortfeasor, except employees of the same employer or any person who, pursuant to a contract or agreement with an employer . . . provides workers' compensation benefits to an injured employee . . ." We see no logical reason why a service agency which is responsible for the administration of a self-insured employer's workers' compensation program should not be included under the umbrella of immunity provided by the Act. By contract the service agency administers and facilitates the payment of benefits by the self-insurer, and anyone who "undertakes to perform or assist in the performance" of an employer's statutory duties under the Workers' Compensation Act should be immune from suit as a third party tortfeasor. Allen, supra, at p. 455. We agree with the Florida court that this is a sound rationale.

The trial court erred in denying appellant's motion for summary judgment.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

Decided November 24, 1981 —
Rehearing denied December 10, 1981 —

*Williston C. White, Charles B. Zirkle, Jr.,* for appellant.
*David L. Harrison,* for appellee.