## 75889. HINKLEY v. BUILDING MATERIAL MERCHANTS ASSOCIATION OF GEORGIA, INC.
### (370 SE2d 201)

BEASLEY, Judge.

Hinkley was injured while working on a truss rolling machine as an employee of Stringer Lumber Company. The machine, equipped with a safety device which had been disabled, caught Hinkley and his arm rolled through it. Workers' compensation benefits were awarded.

Hinkley then sued Building Material Merchants Association of Georgia, Inc. (BMMA), claiming that it insured Stringer and had undertaken to inspect the premises but had negligently failed to inspect and remedy the lack of a safety device on the machine. Summary judgment was granted to BMMA, on the ground that BMMA was entitled to the statutory employer's immunity under OCGA § 34-9-11. Upon appeal, we affirm.

BMMA, a trade association, contracted with Building Material Merchants Association Self Insurers Fund, Inc., (BMMASIF), not a party to this suit, for BMMA to provide certain services in connection with its members' self-insurance fund. These included soliciting the BMMA members for insurance membership in BMMASIF and "implement[ing] a loss control program . . . ." and "provid[ing] physical inspections to members of BMMASIF on the basis of need and/or as directed by the Board of Trustees." BMMA solicited an application

for BMMASIF insurance from Stringer, and it was forwarded to the Insurance Commissioner.

OCGA § 34-9-11 provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, . . .; provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, other than . . . any person who, pursuant to a contract or agreement with an employer, provides workers' compensation benefits to an injured employee, . . ." See also the statutory definition of "employer," which includes verbatim the "any person" description as well as the separate inclusion of insurers. OCGA § 34-9-1 (3).

The issue is whether BMMA, which provided services to BMMASIF and its member employers solely with regard to workers' compensation insurance, is also protected by the immunity. It was not factually disputed that BMMA was the "service agency" for the employer in administering the self-insured employer's workers' compensation program of BMMASIF. On this premise, the trial court felt bound to hold that this case is controlled by *Fred S. James & Co. v. King*, 160 Ga. App. 697 (288 SE2d 52) (1981). We are not persuaded to overrule it; rather, we agree that its reasoning is sound and applies here: "We see no logical reason why a service agency which is responsible for the administration of a self-insured employer's workers' compensation program should not be included under the umbrella of immunity provided by the Act. By contract the service agency administers and facilitates the payment of benefits by the self-insurer, and anyone who 'undertakes to perform or assist in the performance' of an employer's statutory duties under the Workers' Compensation Act should be immune from suit as a third party tortfeasor." *James*, supra at 700.

Hinkley urges that we should allow recovery from a workers' compensation carrier (he does not distinguish the service agency) which has negligently inspected the employer's premises in connection with the workers' compensation coverage, although he recognizes that our law presently does not allow for such recovery. *Argonaut Ins. Co. v. Clark*, 154 Ga. App. 183, 184 (1) (267 SE2d 797) (1980); *Newton v. Liberty Mut. Ins. Co.*, 148 Ga. App. 694 (1) (252 SE2d 199) (1979); *United States Fire Ins. Co. v. Day*, 136 Ga. App. 359, 360 (221 SE2d 467) (1975). This argument was not presented to the trial court and thus we do not address it. A ground urged for the first time on appeal will not be considered. *Hill v. State*, 183 Ga. App. 654, 657 (4) (360 SE2d 4) (1987). The complaint, which alleged that BMMA was the "insurer" of Stringer, apparently meant that it provided other insurance in addition to workers' compensation insurance, which would be the only way to have a cause of action for negligent inspection

under the above cited cases. However, in support of its motion for summary judgment, BMMA submitted an affidavit unequivocally stating that no general liability or other insurance was supplied, only workers' compensation. Although Hinkley's statement of disputed material facts included the issue of other types of insurance, no evidence contrary to BMMA's was presented.

"Once the moving party for summary judgment has carried its burden of making out a prima facie case, the burden shifts and the opposite party must come forward with rebuttal evidence or suffer judgment against him. *Meade v. Heimanson*, 239 Ga. 177, 180 (236 SE2d 357) (1977); [Cit.]" *Bright v. Knecht*, 182 Ga. App. 820, 821 (357 SE2d 159) (1987). Hinkley did not provide a factual basis for defeating the motion under present Georgia law.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JUNE 1, 1988.

*M. Van Stephens II*, for appellant.
*Larry S. McReynolds, J. Michael Welch*, for appellee.