A96A1354. LARRAGA v. AETNA CASUALTY & SURETY
COMPANY et al.
(475 SE2d 649)

BLACKBURN, Judge.

Felipe M. Larraga, acting pro se, appeals the trial court's determination that his complaint for personal injuries is barred by the tort immunity provision of the Workers' Compensation Act (the Act).

Larraga suffered an on-the-job injury while working for C. E. Clower Construction Company (Clower)[1] and received workers' compensation benefits for his injury from Clower's insurance carrier, Aetna Casualty & Surety Company (Aetna) for approximately 12 weeks. Upon suspension of his benefits, Larraga brought the underlying action against Clower and Aetna in Gwinnett Superior Court, asserting that his workers' compensation benefits were wrongfully suspended. Shortly thereafter, Larraga filed a claim with the State Board of Workers' Compensation regarding the same injury addressed in this complaint. In the present case, Clower moved for summary judgment on the grounds that they enjoyed tort immunity from Larraga's claims pursuant to OCGA § 34-9-11. The trial court granted the defendant's motion for summary judgment 23 days after it had been filed. As a result, Larraga filed a motion asking the court to reconsider its decision as Larraga was not provided 30 days to respond to the defendant's motion as provided in OCGA § 9-11-56 (c). Larraga also sought leave to amend his complaint to add Gwinnett County as a party based on the fact that Larraga was injured on a pipe-laying job that Clower was performing for the county. The trial court denied these motions, and Larraga filed this appeal.

1. Clower and Aetna assert that, while the trial court may have erred in granting summary judgment prior to the end of the 30-day response period, no harm resulted. In *Dixon v. Midland Ins. Co.*, 168 Ga. App. 319 (309 SE2d 147) (1983), this Court outlined under what circumstances entry of summary judgment prior to expiration of the statutory response period constitutes reversible error. "OCGA § 9-11-56 (c) . . . mandates that any party have thirty days to respond to a motion for summary judgment. We hesitate to emasculate the thirty-day rule by holding, in essence, that a non-movant must demonstrate on appeal that the movant was not entitled to summary judgment on the pre-judgment record or on evidence presented after judgment

---

[1] The employer was misnamed in Larraga's complaint as Jerri Clower Construction.

that he would have presented to the trial court before judgment. Compliance with the rule is a simple and elemental matter that should be insured by reversal and remand unless the evidence shows the non-movant's defenses to the motion . . . are wholly meritless and frivolous." Id. at 321. Upon review of this record, we find it to be one of those rare cases where this error does not demand reversal and remand.

All parties admit that Larraga suffered a workplace injury that was compensable under the Act and that he received certain benefits from Aetna in relation thereto. As the Act provides Larraga's exclusive remedy against his employer for an injury suffered in the workplace, his action against Clower is barred. OCGA § 34-9-11. Moreover, a workers' compensation insurance carrier is considered to be the employer's alter ego and is, therefore, entitled to the same tort immunity enjoyed by the employer. *Fred S. James & Co. of Ga. v. King*, 160 Ga. App. 697, 699 (288 SE2d 52) (1981). Consequently, Larraga's action against Aetna is also barred. On this record, we find that Larraga was not harmed by the trial court's abrogation of his response period.

2. Larraga enumerates as error the trial court's failure to hold hearings on his various discovery motions. In light of our determination in Division 1, we find this enumeration to be rendered moot.

3. Larraga enumerates as error the trial court's failure to grant his motion for leave to amend. As Larraga has failed to offer any argument in support of this alleged error, it is deemed abandoned. *Magnan v. Miami Aircraft Support*, 217 Ga. App. 855, 856 (1) (459 SE2d 592) (1995); see also Court of Appeals Rule 27 (c) (2).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED AUGUST 6, 1996 —
RECONSIDERATION DISMISSED SEPTEMBER 3, 1996.

Felipe M. Larraga, *pro se.*
*Baker & Shivers, Donald M. Shivers*, for appellees.

