A07A1760. COKER v. GREAT AMERICAN INSURANCE COMPANY.
(659 SE2d 625)

MIKELL, Judge.

Nicholas Coker, an employee of Mayo Company, Inc. ("Mayo"), was using a hydraulic shearing machine to cut metal sheets on August 26, 1998, when a substantial portion of all his fingers on one hand and four of his fingers on the other were amputated. Coker sued several defendants, including Deep South Surplus of Georgia, Inc. ("Deep South") and Great American Insurance Company ("Great American"). Great American filed a motion for summary judgment, arguing that it was entitled to the tort immunity granted under OCGA § 34-9-11 (a) because it provided workers' compensation benefits to Mayo through American National Fire Insurance Company ("American National"), one of its wholly owned subsidiaries, and in doing so, received premiums directly from Mayo and was directly liable under the coverage to pay any eligible workers' compensation claim. The trial court granted Great American's motion. It is from this order that Coker appeals. We review the grant of summary judgment de novo.[1]

In support of his argument that the trial court erred in granting Great American's motion for summary judgment, Coker relies exclusively upon *Coker v. Deep South Surplus of Ga. ("Coker I")*,[2] in which he successfully appealed the trial court's grant of summary judgment to Deep South, the company hired by American National to perform safety inspections of Mayo's premises.[3] Therein, we stated:

> OCGA § 34-9-11 (a) establishes that the rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies at common law or otherwise on account of the employee's injury, *"provided, however, that no employee shall be deprived of any right to bring an action against any third-party tort-feasor, other than an employee of the same employer or any person who, pursuant to a contract*

---

[1] *Nichols v. Prather*, 286 Ga. App. 889, 890 (650 SE2d 380) (2007).

[2] 258 Ga. App. 755 (574 SE2d 815) (2002).

[3] Id. at 756.

> *or agreement with an employer, provides workers' compensation benefits to an injured employee.*" OCGA § 34-9-1 (3), which defines the term "employer," provides: "If the employer is insured, this term shall include his insurer as far as applicable." In other words, the workers' compensation insurer is considered to be the alter ego of the actual employer for purposes of immunity, and an employee who is eligible for workers' compensation may not otherwise recover against his employer or the employer's alter ego.[4]

We determined that American National was Mayo's workers' compensation carrier and that Deep South was not Mayo's alter ego but was a third party, which pursuant to OCGA § 34-9-11 (a), Coker was authorized to sue as it had no contract or agreement with Mayo to provide workers' compensation benefits to Mayo's injured employees.[5] Despite appellant's arguments to the contrary, the undisputed evidence in the record shows that Great American and Deep South are not similarly situated.

In support of its argument that it is immune from suit, Great American offers the affidavit testimony of Lisa Pennekamp, an attorney in Great American's legal department. Pennekamp averred that in 1998 when this accident occurred, Great American issued certain of its insurance policies directly on its own underwriting paper and others through the underwriting paper of its wholly owned subsidiaries, American National, American Alliance Insurance Company, and Agricultural Insurance Company; that none of Great American's wholly owned underwriting subsidiaries had employees in 1998 nor do they currently; that the underwriting work of Great American's wholly owned subsidiaries was and continues to be performed by Great American employees; that American National operates under the name of Great American Insurance Company of New York ("GA-NY"), also a wholly owned subsidiary of Great American; and that all of the officers and directors of GA-NY had been officers, directors, or employees of Great American or its affiliates. Pennekamp further averred that the administrative offices of GA-NY and Great American are located at 580 Walnut Street, Cincinnati, Ohio; that Great American,

> like many insurance carriers, operates its insurance business through its wholly owned subsidiaries pursuant to a pooling agreement under which [its] subsidiaries issue cer-

---

[4] (Footnotes omitted; emphasis in original.) Id. at 755-756.
[5] Id. at 756.

tain insurance policies and then cede back to [Great American] the rights, obligations and liabilities arising under those policies;

and that under Policy No. WC 2269372-00 (the "Policy"), the policy at issue in this case, Great American would be the payor of any eligible workers' compensation benefits owed.

Also in support of its position, Great American offers the affidavit of William J. Reilly, who was employed by Great American as a loss prevention consultant. Reilly averred that he performed loss prevention services for Great American and its wholly owned subsidiaries, including American National; that he inspected Mayo's premises on August 12, 1998, in his capacity as a loss prevention consultant; that he performed the inspection after receiving a request to do so from the Great American underwriting staff; and that the inspection was conducted in connection with the workers' compensation policy.

> To prevail at summary judgment, . . . [a] defendant who will not bear the burden of proof at trial need only show an absence of evidence to support an essential element of the nonmoving party's case. If the moving party discharges this burden, the nonmoving party . . . must point to specific evidence giving rise to a triable issue.[6]

Here, appellant offered no evidence to dispute Great American's affidavit testimony or to create a triable issue. Instead, it relies solely on *Coker I*, which actually supports Great American's position in this case.

It is well established that "[w]orkers' compensation is the exclusive remedy of employees against employers for work-related injuries."[7] As we concluded in *Coker I*,[8] the workers' compensation insurer is considered to be the alter ego of the actual employer for purposes of immunity.[9] Appellant argues that Great American and

---

[6] (Footnote omitted.) *Sewell v. Trib Publications*, 276 Ga. App. 250, 251 (622 SE2d 919) (2005).

[7] *Dowis v. Mud Slinger Concrete*, 269 Ga. App. 805 (1) (605 SE2d 615) (2004); *Larraga v. Aetna Cas. &c. Co.*, 222 Ga. App. 654 (1) (475 SE2d 649) (1996).

[8] Supra.

[9] *Coker I*, supra at 756. See also *Larraga*, supra (a workers' compensation insurance carrier is considered to be the employer's alter ego and is, therefore, entitled to the same tort immunity enjoyed by the employer); *Newton v. Liberty Mut. Ins. Co.*, 148 Ga. App. 694 (1) (252 SE2d 199) (1979) (workers' compensation insurer immune from suit as to alleged negligent breach of the assumed duty to conduct safety inspections); *Mull v. Aetna Cas. &c. Co.*, 120 Ga. App. 791 (172 SE2d 147) (1969) (workers' compensation carrier, having assumed the employer's duty to conduct safety inspections, is immune from suit for allegedly negligent performance of that assumed duty). See generally *Hinkley v. Bldg. Material Merchants Assn. of Ga.*, 187 Ga. App.

American National are two distinct and separate corporate entities, and that American National, alone, is the workers' compensation carrier. But the undisputed evidence in the record shows that American National is a wholly owned subsidiary of Great American, and under Georgia law, a parent corporation of a wholly owned subsidiary that is entitled to immunity under the Act may be considered the subsidiary's alter ego and therefore, shares in that immunity.[10] Additionally, the undisputed evidence shows that Great American will be the payor of any eligible workers' compensation benefits awarded to appellant. Accordingly, the trial court's grant of summary judgment to Great American was correct.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2008 —
RECONSIDERATION DENIED MARCH 19, 2008 — 

*Orr & Edwards, W. Fred Orr II, James G. Edwards II*, for appellant.

*Downey & Cleveland, Russell B. Davis, Rogers & Hardin, Tony G. Powers, Kimberly L. Myers*, for appellee.

---

345, 346 (370 SE2d 201) (1988) (service agency that administers self-insured employer's workers' compensation program should be included under the umbrella of immunity provided by the Act).

[10] See *Collins v. Sheller-Globe Corp.*, 194 Ga. App. 263 (390 SE2d 294) (1990). See also *Crisp Regional Hosp. v. Oliver*, 275 Ga. App. 578, 579, n. 1 (621 SE2d 554) (2005) (holding company and wholly owned subsidiary occupy same legal position for the purpose of immunity under the Act). See generally *Beck v. Flint Constr. Co.*, 154 Ga. App. 490, 492 (268 SE2d 739) (1980) (wholly owned subsidiary was alter ego of parent corporation and therefore was entitled to common law immunity held by employer).