28958. PROVIDENCE WASHINGTON INSURANCE COMPANY v. SIMS et al.
28959. GULF INSURANCE COMPANY v. SIMS et al.
28963. SIMS et al. v. AMERICAN CASUALTY COMPANY et al.
28964. COMMERCIAL UNION INSURANCE COMPANY et al. v. SIMS et al.
28965. AMERICAN CASUALTY COMPANY v. SIMS et al.

PER CURIAM.
The opinion of the Court of Appeals in the above cases has been thoroughly reviewed by this court on certiorari and is affirmed. See *Sims v. American Casualty Co.,* 131 Ga. App. 461 (206 SE2d 121).

*Judgment affirmed. All the Justices concur, except Gunter and Jordan, JJ., who dissent. Hall, J., disqualified.*

ARGUED JULY 8, 1974 — DECIDED SEPTEMBER 6, 1974 —

REHEARING DENIED SEPTEMBER 24, 1974.

*Powell, Goldstein, Frazer & Murphy, Frank Love, Jr., Randall L. Hughes, James C. Rawles,* for Providence Washington Ins. Co.

*Shoob, McLain & Jessee, C. James Jessee, Jr., George E. Duncan, Jr.,* for Sims.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Richard L. Stumm,* for American Cas. Co.

*Neely, Freeman & Hawkins, Albert H. Parnell, Alan F. Herman, J. Bruce Welch,* for Commercial Union.

*Greene, Buckley, DeRieux & Jones, Hugh Robinson, James A. Eichelberger,* for Michigan Mut.

*Long, Weinberg, Ansley & Wheeler, Charles M. Goetz, Jr.,* for Aetna Cas. & Surety Co. et al.

*Henning, Chambers & Mabry, E. Speer Mabry, Ward D. Hull,* for Aetna Ins. Co.

*Swift, Currie, McGhee & Hiers, George W. Hart,* for Continental Ins. Co.

*Troutman, Sanders, Lockerman & Ashmore, Ezra Cohen,* for Hartford.

*A. Ed Lane,* for American Home Assurance.

*Lokey & Bowden, Glenn Frick,* for Gulf Ins. Co.

GUNTER, Justice, dissenting.

I would reverse the judgment of the Court of Appeals and affirm the judgment of the trial court in these cases. It is my view that the complaint did not state a claim against the inspecting insurance carriers.

The deceased was injured and later died due to an alleged defective condition existing in his employer's plant where the deceased worked. The complaint alleged that the defendant insurance carriers made safety inspections of the employer's plant, that the safety inspections were negligently made, and that because of such negligence the insurance carriers were liable in tort for the injuries and death resulting from the explosion in the plant.

The deceased and the employer were subject to the Workmen's Compensation Act, and the death had been compensated pursuant to its provisions. The rights and

remedies accorded to an employee under that Act exclude all other rights and remedies that the employee or his personal representative had at common law. Code Ann. § 114-103.

In this case the alleged damages resulted from an explosion that occurred in the employer's plant. Under the Workmen's Compensation Act the damages prescribed by the Act are compensable by the employer because of the assumed defective condition of the plant, and negligence on the part of the employer need not be charged or proved. However, the damages recoverable are limited by the Act, and the employer is not liable in tort for damages. In short, the defective condition of the plant maintained by the employer caused the damages, the employer's negligence is presumed and the employer's negligence need not be proved.

In such a situation a third party who contributes to the defective condition of the plant, that is, who contributes to the presumed negligence of the employer, is not a third-party tortfeasor against whom an employee or his personal representative can bring an action. For a covered employee to maintain an action against a third-party tortfeasor, the third party's negligence must be independent of that of the employer. When the third party is merely a contributor to the negligence of the employer, or merely contributes to the defect in the employer's premises which causes the damages, the third party is isolated from a common law tort claim by the Workmen's Compensation Act.

In *Athens R. &c. v. Kinney,* 160 Ga. 1 (1) (127 SE 290) (1924), this court held that the widow of an employee could maintain an action against a third party "where the employer and such third party were not joint tortfeasors . . . ." In *Sheffield Co. v. Phillips,* 69 Ga. App. 41 (1) (24 SE2d 834) (1943), it was held that such an action could be maintained "where the injury was not such as to render the employer a joint tortfeasor with the negligent third person."

My understanding of the law on this subject is that if a defective plant condition causes damages to an employee, the employer is legally responsibile for such defective condition, and a third party who merely

contributes to that defective condition by a faulty or negligent inspection of the premises, as in this case, is not a third-party tortfeasor within the meaning of the Workmen's Compensation Act.

I agree with the results reached in *Mull v. Aetna Casualty &c. Co.,* 120 Ga. App. 791 (172 SE2d 147) (1969), because in that case the inspectors merely contributed to the dangerous plant condition maintained by the employer.

For a covered employee to successfully maintain an action against a third-party tortfeasor, the third party's negligence must be independent of that of the employer, and it must not be a contributing factor to the defective plant condition of the employer that caused the damages.

I would reverse the judgment of the Court of Appeals.

I respectfully dissent. I am authorized to state that Justice Jordan concurs with this dissent.