## 56634. REDWING CARRIERS, INC. v. TRAVELERS INSURANCE COMPANY.

WEBB, Judge.

This appeal arises out of third-party proceedings maturing below subsequent to our review of the main action in *Redwing Carriers v. Knight,* 143 Ga. App. 668 (239 SE2d 686) (1977). Knight, an employee at the Johns-Manville plant, was showered with molten asphalt from a hose which burst while he was assisting Redwing's employee in attempting to pump the asphalt from Redwing's tanker through flexible hoses into the plant's storage tank. We affirmed Knight's recovery from Redwing, and the latter pursued third-party claims against Travelers Insurance Company and others, contending as to Travelers that it, as the general liability insurer of Johns-Manville, was liable over to Redwing because of its concurring negligence in conducting safety inspections at the plant. The trial court granted summary judgment to Travelers, and Redwing appeals. Our view is that Travelers has not carried its summary judgment burden of demonstrating that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. Consequently we reverse.

Travelers contends that in order to be subjected to liability for negligent safety inspections under the theory of recovery articulated in *Sims v. American Cas. Co.,* 131 Ga. App. 461 (206 SE2d 121) (1974), three elements must appear: (1) that it inspected the area where the mishap occurred; (2) that the negligent inspection was causally related to plaintiff's injuries; and (3) that the insured relied upon the inspection. It is urged that these matters have been disproven so that the grant of summary judgment was proper.

But assuming for the purpose of argument that Travelers' analysis of the theory is correct, we find that an assumption basic to Travelers' contentions — that it was solely Redwing's defective equipment or dangerous procedures which were to blame — is not demanded by the record. As our previous opinion indicates, a possible concurring cause of the malfunction was the failure of Johns-Manville to clear the asphalt remaining after prior deliveries from the flexible hoses to its tank, a failing which, given the propensity of molten asphalt to congeal when allowed to cool to a temperature of 190° F, might well cause a clog and result in rupture back up the line. Consequently the causation factor — element (2) above — has not been eliminated.

Similarly, when the focus of the search for causative agents is broadened from the lines and pumps of Redwing's rig to the tank and flexible hoses of the plant, we find an issue as to whether this area was within the scope of Travelers' inspections. While the evidence that this area was so included may not have been as definite and specific as the evidence that it was not, it is not the court's function on motion for summary judgment to decide issues of fact, but only to determine if such issues exist. *Kohlmeyer & Co. v. Bowen,* 130 Ga. App. 386, 387 (4) (203 SE2d 630) (1973). Consequently element (1) has not been eliminated.

With respect to reliance, element (3), which for purposes of Travelers' analysis we again assume to be a requirement, the affidavit of Raymond Karr, the "engineering account manager in the engineering department of [Travelers]," states that his inspections were made not only for Travelers' benefit in rating the risks, but also "to provide assistance to the insured insofar as safety practices that were affecting risks covered by the policies were concerned." Travelers has produced no evidence that Johns-Manville did not rely upon this assistance, which presumably would extend to areas and risks associated with business visitors on the premises, and accordingly Travelers has not carried its summary judgment burden on this issue.

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

874

ARGUED OCTOBER 16, 1978 — DECIDED
NOVEMBER 2, 1978.

Lee & Clark, Steven E. Scheer, for appellant.
Bouhan, Williams & Levy, James M. Thomas,
Randall K. Bart, Paul W. Painter, Jr., for appellee.