### 57998. HUGGINS et al. v. AETNA CASUALTY & SURETY COMPANY et al.

SHULMAN, Judge.

Plaintiff-employee and his wife brought suit against defendants-Aetna Casualty & Surety Co. and Standard Fire Insurance Co. (the insurers of plaintiff's employer), alleging that defendants' negligent inspection of the

machinery of their insured (plaintiff's employer) was the proximate cause of plaintiff-employee's job-related injury. Plaintiffs take this appeal from the trial court's grant of defendants' motion for summary judgment. We affirm.

"It is clear that a general liability insurer may incur liability for its negligently performed safety inspection of an insured's premises. . . [Cit.]" *St. Paul Fire &c. Ins. Co. v. Davidson,* 148 Ga. App. 82 (2) (251 SE2d 32). However, the injured party's reliance upon the insurers to "perform safety inspections [is] a condition precedent to the imposition of liability for the insurer[s'] allegedly negligent inspection. [Cits.]" Id., p. 84.

Pretermitting defendants' negligence, since the record is devoid of any evidence of plaintiff-employee's reliance upon the insurers' safety inspections, the court properly granted defendants' motion for summary judgment.

Contrary to appellant-employee's contentions, his affidavit does not support his assertion of reliance. In his affidavit, answers to interrogatories, and in his deposition, plaintiff merely avers his awareness of the periodic tours made by insurance representatives. It is clear that he was neither aware of the true function nor the practical consequences of such inspections. Indeed, in his deposition appellant-employee admitted having no personal knowledge of the inspections. He stated that he was not aware of the inspectors' recommendations; that he had never spoken to any inspectors concerning plant equipment; and that he had never seen any notes or reports relating to the inspections. Appellant, by his own words, thus negates the existence of his reliance.

The fact that, following the accident, appellant-employee wondered why certain safety mechanisms had not been proposed by the inspectors does not support his contention that prior to the accident he relied upon the insurance inspectors to safeguard plant machinery. His subsequent discovery of the insurers' role in aiding their insured in maintaining safe premises is not evidence of his prior reliance upon the insurers. Thus, in view of appellants' failure to raise any genuine issue of fact in regard to appellant-employee's reliance, summary

judgment was proper.

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

ARGUED MAY 30, 1979 — DECIDED SEPTEMBER 18, 1979 —

*Luke F. Gore, Peter M. Blackford,* for appellants.
*Daryll Love, Anthony L. Cochran,* for appellees.