## 35609. HUGGINS v. AETNA CASUALTY & SURETY COMPANY et al.

UNDERCOFLER, Presiding Justice.

Jessie Huggins was permanently injured when his hand and arm were caught in the roller end of a paper board machine. He sued the defendant insurance companies for negligent inspection, which he claims proximately caused his injuries. The trial court granted summary judgment to the insurance companies and the Court of Appeals affirmed (*Huggins v. Aetna Cas. &c. Co.,* 151 Ga. App. 377 (259 SE2d 742) (1979)), holding that Huggins could not recover on his tort claim against the insurance companies because he had not relied on their inspections for his personal safety. We granted certiorari to resolve a conflict in the Court of Appeals' opinions and to decide whether reliance by the employee himself is required or whether reliance by the employer on the insurance companies' inspections is sufficient. We hold that reliance by either the employee or the employer on their inspections is sufficient to give rise to a cause of action in tort for negligent inspection by the insurance companies, and reverse the grant of summary judgment affirmed by the Court of Appeals.

Reliance as an element of this tort has been mentioned in many Court of Appeals decisions. *Newton v. Liberty Mutual Ins. Co.,* 148 Ga. App. 694 (252 SE2d 199) (1979); *St. Paul Fire &c. Ins. Co. v. Davidson,* 148 Ga. App. 82 (251 SE2d 32) (1978), cert. den.; *Redwing Carriers, Inc. v. Travelers Ins. Co.,* 147 Ga. App. 872 (250 SE2d 580) (1978); *Winslett v. Twin City Fire Ins. Co.,* 141 Ga. App. 143 (232 SE 2d 638) (1977); *Pa. Millers Mut. Ins. Co. v. Thomas Milling Co.,* 137 Ga. App. 430 (224 SE2d 55) (1976), cert. den.; *U. S. Fire Ins. Co. v. Day,* 136 Ga. App. 359 (221 SE2d 467) (1975), cert. den.; *Aetna Cas. &c. Co. v. C. P. Co.,* 134 Ga. App. 552 (215 SE2d 314) (1975); *Sims v. American Cas. Co.,* 131 Ga. App. 461 (206 SE2d 121) (1974) affd. sub nom *Providence Washington Ins. Co. v. Sims,* 232 Ga. 787 (209 SE2d 61) (1974). In *Newton v. Liberty Mutual Ins. Co.,* supra, the Court of Appeals held, in reversing summary judgment for the insurance company, that reliance by the employer could satisfy this element of the tort. The case

now before us is in conflict with this holding. *Beam v. Omark Industries, Inc.*, 143 Ga. App. 142 (237 SE2d 607) (1977).

We here adopt the majority rule as stated in the Restatement 2d Torts § 324A: "Liability to Third Person for Negligent Performance of Undertaking. One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking." *Beam v. Omark Industries, Inc.*, supra. It is thus clear that reliance by the employer, as correctly stated in *Newton v. Liberty Mutual Ins. Co.*, supra, is sufficient to sustain a tort claim by the employee against the insurance company and that the employee himself need not have so relied.

*Judgment reversed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED JANUARY 14, 1980 — DECIDED FEBRUARY 5, 1980 — REHEARING DENIED FEBRUARY 19, 1980.

*Peter M. Blackford,* for appellant.
*Daryll Love, Anthony L. Cochran,* for appellees.