**Charlie T. SMITH, Plaintiff-Appellee,**

v.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant-Appellant.**

No. 83–8262.

United States Court of Appeals, Eleventh Circuit.

May 14, 1984.

Wilson R. Smith, Vidalia, Ga., for defendant-appellant.

William V. Evans, Douglas, Ga., for plaintiff-appellee.

Before HILL, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal presents an important issue of Georgia law for which there appears to be no controlling precedent in the decisions of the Georgia courts. Therefore, we defer our decision in this matter and certify the question to the Supreme Court of Georgia pursuant to Rule 36 of that court, Official Code Ga.Ann. § 15-2-9 (1982).[1]

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT TO THE SUPREME COURT OF GEORGIA PURSUANT TO ARTICLE 6 SECTION 6 PARAGRAPH IV OF THE GEORGIA CONSTITUTION.

TO THE SUPREME COURT OF GEORGIA AND THE HONORABLE JUSTICES OF THAT COURT:

## I. STYLE OF THE CASE

The case in which this certification is made is styled as follows: Charlie T. Smith, Plaintiff-Appellee, versus Universal Underwriters Insurance Company, Defendant-Appellant, Case No. 83-8262, filed in the United States Court of Appeals for the Eleventh Circuit, on appeal from the District Court for the Southern District of Georgia.

## II. STATEMENT OF FACTS

Appellee Smith, an employee at Cowart Motor Company in Douglas, Georgia, was severely injured while on the job at Cowart when a high pressure air hose exploded in his hand. Smith sued Appellant Universal Underwriters Insurance Company (Universal), Cowart's general liability insurance carrier, alleging that Universal's negligent inspection of his workplace proximately caused the injury. A jury found for Smith and awarded him $120,000 in damages. After denying Universal's motions for judgment notwithstanding the verdict and for a new trial, the district court entered judgment for Smith on the verdict.

We will briefly summarize the evidence presented at trial and note that it was largely undisputed.[2] Smith testified that he saw Universal's representatives walk through the shop at Cowart Motors and make inspections. Two of Smith's fellow employees corroborated this testimony by testifying that they had also seen Universal's representatives making inspections. Smith stated, "I relied on [Universal's] inspections for the safety, because I figured if there was something wrong in the shop that they would've made changes." (R.19) Smith did not testify, nor was he asked, whether he had changed his work habits in reliance on the inspections by Universal.

Although no witness contradicted the testimony of Universal's agent that he did not actually inspect the air hose or compressor that caused Smith's injury, the evidence showed that the agent inspected hydraulic lifts near the air hose and compressor. Furthermore, the agent's inspection report indicated that no more than 30 PSI of pressure was used in the hose that exploded when, in fact, 150 PSI was used. Finally, Smith's expert witness testified that a person in a "managerial position," as was Universal's agent, should have been able to detect the problem with the air hose, whereas a mechanic, such as Smith, would not have been aware of the defect.

---

1. Our usual practice is to request counsel to submit a proposed statement of facts and agreed certificate of the questions for decision. *See Phillips v. Iglehart,* 558 F.2d 737, 738 & n. 3 (5th Cir.1977). However, the material facts are not in dispute and the parties briefed virtually the same issue that we now certify. We therefore depart from our usual practice and proceed to summarize the material facts and frame the legal issue for decision.

2. In fact Universal presented no affirmative evidence and chose to rely on its argument that as a matter of law Smith's evidence was insufficient to make out a case of liability for negligent inspection.

## III. REASONS FOR CERTIFICATION

The tort involved in this case, commonly referred to as negligent inspection, is relatively new to Georgia jurisprudence, having first been recognized in *Sims v. American Casualty*, 131 Ga.App. 461, 206 S.E.2d 121, *aff'd sub nom. Providence Washington Insurance Co. v. Sims*, 232 Ga. 787, 209 S.E.2d 61 (1974). *Sims* and its progeny have defined the elements of the tort of negligent inspection according to the requirements laid down by section 324A of the *Second Restatement of Torts*, which provides as follows:

### Liability to Third Person for Negligent Performance of Undertaking

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

    (a) his failure to exercise reasonable care increases the risk of such harm, or

    (b) he has undertaken to perform a duty owed by the other to the third person, or

    (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*Restatement (Second) of Torts* § 324A (1965); *see Huggins v. Aetna Casualty & Surety Co.*, 245 Ga. 248, 264 S.E.2d 191 (1980) (adopting section 324A).

In this case, Smith argues that Universal may be held liable for its negligent inspections under subpart (c) of section 324A. Clearly, the Georgia courts hold that under subpart (c) an employee who suffers harm because of his reliance on safety inspections performed by his employer's general liability insurance carrier can seek recovery against the carrier without showing that his employer also relied on the inspections. *See Huggins*, 245 Ga. at 248, 264 S.E.2d at

291 ("reliance by either the employee or the employer ... is sufficient ....") Just as clearly, however, this circuit has interpreted Georgia law to require that an *employer's* reliance be shown by evidence of change in position. Thus, we were unable to find *employer* reliance where "there was no indication that the employer had neglected or reduced its own safety program because of the carrier's [inspections]." *Bussey v. Travelers Insurance Co.*, 643 F.2d 1075, 1077 (5th Cir.1981); *see also Tillman v. Travelers Indemnity Co.*, 506 F.2d 917, 921 (5th Cir.1975) (same requirement under Mississippi law); *Stacy v. Aetna Casualty & Surety Co.*, 484 F.2d 289, 295 (5th Cir.1973) (same).

More recently, this circuit has construed section 324A under Mississippi law as requiring that *employee* reliance be shown by similar evidence of change in position. As we wrote in *Trosclair v. Bechtel Corp.*, 653 F.2d 162, 165 (5th Cir.1981):

To impose liability under Section 324A(c), there must be proof of actual reliance on a contractual undertaking or representations by the defendant that *resulted in acts or omissions by the party relying on the defendant's undertaking. Stacy v. Aetna Casualty & Surety Co.*, 484 F.2d at 295; *Tillman v. Travelers Indemnity Co.*, 506 F.2d at 921. Here, as in *Stacy*, there is no evidence that either Ranney or its employees, Gilbert and Trosclair, relied upon Bechtel's action in regard to safety measures, thus causing Ranney or its employees to neglect to take safety precautions of their own.

(emphasis added).

Were we required to decide this case without the aid of Georgia's certification procedure, we would be compelled to hold that Smith did not make out a case of negligent inspection because here, as in *Trosclair*, there was no evidence indicating that Smith relied on the inspections to the extent of neglecting his own safety precautions.[3] However, we consider certification

---

**3.** Indeed, the only *"employee* reliance" case that we have discovered would seem to support such

a conclusion. *See Huggins v. Aetna Casualty & Surety Co.*, 151 Ga.App. 377, 259 S.E.2d 742

to be the more preferred course, especially so in light of the sparsity of decisions from the Georgia courts dealing with *employee* reliance under section 324A(c).

### IV. CERTIFICATION QUESTION

Under Georgia's interpretation of Section 324A of the *Second Restatement of Torts* can *employee* reliance on safety inspections by his employer's insurance company be shown by the employee's testimony that he relied on the inspections together with his reasons for relying, or must the employee show acts or omissions in his own precautions caused by the safety inspections?

Of course, our statement of the question does not limit the inquiry of the Supreme Court of Georgia into this matter. Partly for this reason, we transmit the entire record in this case, along with copies of the briefs of the parties, to the Supreme Court of Georgia.

CERTIFIED.

(1979), *rev'd on other grounds,* 245 Ga. 248, 264 S.E.2d 191 (1980). However, *Huggins* is suffi-

ciently distinguishable as to confirm our decision to certify.