## 41176. UNIVERSAL UNDERWRITERS INSURANCE COMPANY v. SMITH.

(322 SE2d 269)

HILL, Chief Justice.

The United States Court of Appeals for the Eleventh Circuit has certified a question involving the proof necessary to show employee reliance in a negligent inspection case. Extracts from the order certifying the question follow (Smith v. Universal Underwriters Ins. Co., ___ F2d ___ (11th Cir. 1984)).

### "II. STATEMENT OF FACTS

"Appellee Smith, an employee at Cowart Motor Company in Douglas, Georgia, was severely injured while on the job at Cowart when a high pressure air hose exploded in his hand. Smith sued Appellant Universal Underwriters Insurance Company (Universal), Cowart's general liability insurance carrier, alleging that Universal's negligent inspection of his workplace proximately caused the injury. A jury found for Smith and awarded him $120,000 in damages. After denying Universal's motions for judgment notwithstanding the verdict and for a new trial, the district court entered judgment for Smith on the verdict.

"We will briefly summarize the evidence presented at trial and note that it was largely undisputed. Smith testified that he saw Universal's representatives walk through the shop at Cowart Motors and make inspections. Two of Smith's fellow employees corroborated this testimony by testifying that they had also seen Universal's representatives making inspections. Smith stated, 'I relied on [Universal's] inspections for the safety, because I figured if there was something wrong in the shop that they would've made changes.' Smith did not testify, nor was he asked, whether he had changed his work habits in reliance on the inspections. by Universal.

"Although no witness contradicted the testimony of Universal's agent that he did not actually inspect the air hose or compressor that caused Smith's injury, the evidence showed that the agent inspected hydraulic lifts near the air hose and compressor. Furthermore, the agent's inspection report indicated that no more than 30 PSI of pressure was used in the hose that exploded when, in fact, 150 PSI was used. Finally, Smith's expert witness testified that a person in a 'managerial position,' as was Universal's agent, should have been able to detect the problem with the air hose, whereas a mechanic, such as Smith, would not have been aware of the defect.

## "III. REASONS FOR CERTIFICATION

"The tort involved in this case, commonly referred to as negligent inspection, is relatively new to Georgia jurisprudence, having first been recognized in *Sims v. American Casualty,* 131 Ga. App. 461, 206 SE2d 121, *aff'd sub nom. Providence Washington Insurance Co. v. Sims,* 232 Ga. 787, 209 SE2d 61 (1974). *Sims* and its progeny have defined the elements of the tort of negligent inspection according to the requirements laid down by section 324A of the *Second Restatement of Torts,* which provides as follows:

### "Liability to Third Person for Negligent Performance of Undertaking

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking. *Restatement (Second) of Torts* § 324A (1965); *see Huggins v. Aetna Casualty & Surety Co.,* 245 Ga. 248, 264 SE2d 191 (1980) (adopting section 324A).

"In this case, Smith argues that Universal may be held liable for its negligent inspections under subpart (c) of section 324A. Clearly, the Georgia courts hold that under subpart (c) an employee who suffers harm because of his reliance on safety inspections performed by his employer's general liability insurance carrier can seek recovery against the carrier without showing that his employer also relied on the inspections. *See Huggins,* 245 Ga. at 248, 264 SE2d at 192 ('reliance by either the employee or the employer . . . is sufficient. . . .') Just as clearly, however, this circuit has interpreted Georgia law to require that an *employer's* reliance be shown by evidence of change in position. Thus, we were unable to find *employer* reliance where 'there was no indication that the employer had neglected or reduced its own safety program because of the carrier's [inspections].' *Bussey v. Travelers Insurance Co.,* 643 F2d 1075, 1077 (5th Cir. 1981); *see also Tillman v. Travelers Indemnity Co.,* 506 F2d 917, 921 (5th Cir. 1975) (same requirement under Mississippi law); *Stacy v. Aetna Casualty & Surety Co.,* 484 F2d 289, 295 (5th Cir. 1973) (same).

* * *

## "IV. CERTIFICATION QUESTION

"Under Georgia's interpretation of Section 324A of the *Second Restatement of Torts* can *employee* reliance on safety inspections by his employer's insurance company be shown by the employee's testimony that he relied on the inspections together with his reasons for relying, or must the employee show acts or omissions in his own precautions caused by the safety inspections?"

The trial transcript shows that while putting air in a truck tire, plaintiff was injured when an air hose fitting came off the hose and went through his hand, tearing off one finger and the thumb. Plaintiff's expert testified that a worm gear hose clamp such as was used here was unsuitable for use on a high pressure hose, even 30 PSI, that a ferrule crimped over a burr with reverse striations should have been used, that the difference between the two is apparent, and that the unsafe nature of a worm gear hose clamp on an air hose should be known to someone who knows what he is doing.

As the Eleventh Circuit recognized, a cause of action in tort for negligent inspection was first recognized in Georgia in *Sims v. American Casualty*, 131 Ga. App. 461 (206 SE2d 121), aff'd sub nom., *Providence Washington Ins. Co. v. Sims*, 232 Ga. 787 (209 SE2d 61) (1974). While the *Sims* opinion made reference to the Restatement, Second, Torts § 324A, the opinion in *Huggins v. Aetna Cas. &c. Co.*, 245 Ga. 248 (264 SE2d 191) (1980), actually adopts the rule expressed therein as the law of Georgia. Thus we consider it salutary to look to the Restatement's comment and illustrations relating to reliance.

Comment e reads as follows: "e. *Reliance.* The actor is also subject to liability to a third person where the harm is suffered because of the reliance of the other for whom he undertakes to render the services, or of the third person himself, upon his undertaking. This is true whether or not the negligence of the actor has created any new risk or increased an existing one. Where the reliance of the other, or of the third person, has induced him to forgo other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk."

Illustration 4 is as follows: "A Company employs B Company to inspect the elevator in its office building. B Company sends a workman, who makes a negligent inspection and reports that the elevator is in good condition. Due to defects in the elevator, which a proper inspection would have disclosed, the elevator falls and injures C, a workman employed by A Company. B Company is subject to liability to C." This illustration is based on Van Winkle v. American Steam Boiler Ins. Co., 52 N.J.L. 240 (19 A 472) (1890), and it is clear from

the facts of that case that it illustrates reliance by "the other," as opposed to reliance by the third person; i.e., reliance by the injured person.

Illustration 5 is as follows: "A Railroad Company employs B as a watchman at its crossing, to give warning to the public of approaching trains. B goes to sleep in his shanty, and fails to warn of the approach of the train. C, an automobile driver who knows of the usual presence of the watchman, approaches the crossing and, receiving no warning, drives onto the track and is struck and injured by the train. B is subject to liability to C." This illustration is based upon Wachovia Bank &c. Co. v. Southern R. Co., 209 NC 304 (183 SE 620) (1936). In both the illustration and the case from which it was drawn, the injured person's reliance was to proceed across the railroad tracks without stopping.

The Restatement cites *Moody v. Martin Motor Co.*, 76 Ga. App. 456 (46 SE2d 197) (1948), as being another case in which reliance led to harm to a third person. In that case, Moody's employer delivered its truck to the defendant, Martin Motor Co., for repair of the steering gear and brakes. The defendant returned the truck, representing to Moody's employer that it had been repaired. Moody alleged that he was injured when the truck swerved off the highway due to the defective steering gear and he was unable to keep it from plunging down an embankment due to the defective brakes. It was held that an automotive repair shop is liable in tort to a third person injured as the result of its negligent performance of a contract with the owner of a vehicle. Although this is not a negligent inspection case, as can be seen the injured person's reliance was in driving the vehicle.

In *Cleveland v. American Motorists Ins. Co.*, 163 Ga. App. 748 (295 SE2d 190) (1982), the defendant had inspected a boiler at the plant where plaintiff's husband was killed when the boiler exploded. The affidavit of a co-worker of the deceased that she personally relied on the insurance company's inspections and was aware that other employees did also (at p. 749) was found to be sufficient to raise an issue of fact on the question of employee reliance (at p. 750).

We conclude that use by a third person of a defective instrumentality, whether it be a vehicle, an elevator, a machine or an air hose, in the manner in which such instrumentality is customarily used, where the fact of inspection is known to the third person but the defect is unknown, demonstrates reliance by the third person upon the defendant's safety inspection of the defective instrumentality. We therefore conclude that it is unnecessary for the employee to show acts (other than use) or omissions in his own precautions caused by the safety inspection. An employee's reliance on safety inspections by his employer's insurance company therefore can be shown by the employee's testimony that he relied on the inspections together with his

reasons for relying. See *Cleveland v. American Motorists Ins. Co.,* supra.

The soundness of this conclusion is illustrated by a hypothetical elevator case. An employee observes an elevator in the employer's building being inspected by the defendant's employee. The inspector, observing a dangerous defect, exits the elevator to report the condition to the employer. As the inspector exits the elevator, the employee enters it, but the inspector gives the employee no warning. The elevator falls and the employee is killed. As stated above, it is unnecessary for the employee to show acts (other than use) or omissions in his own precautions caused by the safety inspection.

Universal argues that reliance should be proven by acts or omissions other than continuing the customary use of a piece of equipment. But where liability is based on negligent safety inspections, reliance typically will be demonstrated by continuation of business as usual in the belief that any necessary precautions would be taken or called to the user's attention. Universal's argument essentially is that it is too "easy" for an injured person to testify that he relied. We note that it is equally "easy" for an injured person to testify that had he not relied, he would have taken other precautionary steps. For example, using the facts of this case, if one were to assume that an employee in Smith's position would testify that he relied on the inspection although he did not, one would as readily assume that such an employee would testify that had he not been aware safety inspections were conducted, he would not have used the air hose until the defect was corrected or would have used it in a different manner. Thus we discern no policy reason to adopt Universal's argument. As Prosser noted, the plaintiff may testify to his reliance but the court or jury is not compelled to believe him. Prosser, Law of Torts, 4th ed., pp. 715, 716 (1971).

The certified question is therefore answered as stated above.

*All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED NOVEMBER 7, 1984 —
REHEARING DENIED DECEMBER 4, 1984.

*Neston & Smith, Wilson R. Smith,* for appellant.
*William V. Evans,* for appellee.
*Ben B. Mills, Jr., Gene Mac Winburn, M. D. McLendon, A. Terry Sorrells,* amicus curiae.