Charlie T. SMITH, Plaintiff-Appellee,

v.

UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Defendant-Appellant.

No. 83–8262.

United States Court of Appeals, Eleventh Circuit.

Feb. 12, 1985.

Wilson R. Smith, Vidalia, Ga., for defendant-appellant.

William V. Evans, Douglas, Ga., for plaintiff-appellee.

Before HILL, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

In *Smith v. Universal Underwriters Insurance Co.*, 732 F.2d 129 (11th Cir.1984), we found that the case presented an important issue of Georgia law on which there was no clear, controlling precedent, and we certified the following question to the Supreme Court of Georgia:[1]

> Under Georgia's interpretation of Section 324A of the *Second Restatement of Torts* can *employee* reliance on safety inspections by his employer's insurance company be shown by the employee's testimony that he relied on the inspections together with his reasons for relying, or must the employee show acts or omissions in his own precautions caused by the safety inspections?

The Supreme Court of Georgia answered that employee reliance may be shown by the employee's testimony that he relied together with his reasons for so relying. Acts or omissions need not be shown. *Universal Underwriters Insurance Co. v. Smith*, 253 Ga. 588, 322 S.E.2d 269 (1984). We quote below the relevant portions of the Supreme Court's opinion:

> [A] cause of action in tort for negligent inspection was first recognized in Georgia in *Sims v. American Casualty*, 131 Ga.App. 461, 206 S.E.2d 121, *aff'd sub nom. Providence Washington Ins. Co. v. Sims*, 232 Ga. 787, 209 S.E.2d 61 (1974). While the *Sims* opinion made reference to the Restatement, Second, Torts § 324A, the opinion in *Huggins v. Aetna Casualty & Surety Co.*, 245 Ga. 248, 264 S.E.2d 191 (1980), actually adopts the rule expressed therein as the law of Georgia. Thus we consider it salutary to look to the Restatement's comment and illustrations relating to reliance.

> Comment e reads as follows: 'e. *Reliance.* The actor is also subject to liability to a third person where the harm is suffered because of the reliance of the other for whom he undertakes to render the services, or of the third person himself, upon his undertaking. This is true whether or not the negligence of the actor has created any new risk or increased an existing one. Where the reliance of the other, or of the third person, has induced him to forgo other remedies or precautions against such a risk, the harm results from the negligence as fully as if the actor had created the risk.'

> Illustration 4 is as follows: 'A Company employs B Company to inspect the elevator in its office building. B Company sends a workman, who makes a negligent inspection and reports that the elevator is in good condition. Due to defects in the elevator, which a proper inspection would have disclosed, the elevator falls and injures C, a workman employed by A Company. B Company is subject to liability to C.' This illustration is based on *Van Winkle v. American Steam Boiler Ins. Co.*, 52 N.J.L. 240, 19 A. 472 (1890), and it is clear from the facts of that case that it illustrates reliance by 'the other,' as opposed to reliance by the third person; i.e., reliance by the injured person.

> Illustration 5 is as follows: 'A railroad company employs B as a watchman at its crossing, to give warning to the public of approaching trains. B goes to sleep in his shanty, and fails to warn of the approach of the train. C, an automobile driver who knows of the usual presence of the watchman, approaches the crossing and, receiving no warning, drives onto the track and is struck and injured by the train. B is subject to liability to C.' This illustration is based upon *Wachovia Bank & Trust Co. v. Southern R. Co.*, 209 N.C. 304, 183 S.E. 620 (1936). In both the illustration and the case from

1. The relevant facts of the case are set out in our earlier opinion.

which it was drawn, the injured person's reliance was to proceed across the railroad tracks without stopping.

The Restatement cites *Moody v. Martin Motor Co.*, 76 Ga.App. 456, 46 S.E.2d 197 (1948), as being another case in which reliance led to harm to a third person. In that case, Moody's employer delivered its truck to the defendant, Martin Motor Co., for repair of the steering gear and brakes. The defendant returned the truck, representing to Moody's employer that it had been repaired. Moody alleged that he was injured when the truck swerved off the highway due to the defective steering gear and he was unable to keep it from plunging down an embankment due to the defective brakes. It was held that an automotive repair shop is liable in tort to a third person injured as the result of its negligent performance of a contract with the owner of a vehicle. Although this is not a negligent inspection case, as can be seen the injured person's reliance was in driving the vehicle.

In *Cleveland v. American Motorists Ins. Co.*, 163 Ga.App. 748, 295 S.E.2d 190 (1982), the defendant had inspected a boiler at the plant where plaintiff's husband was killed when the boiler exploded. The affidavit of a co-worker of the deceased that she personally relied on the insurance company's inspections and was aware that other employees did also ... was found to be sufficient to raise an issue of fact on the question of employee reliance ....

We conclude that use by a third person of a defective instrumentality, whether it be a vehicle, an elevator, a machine or an air hose, in the manner in which such instrumentality is customarily used, where the fact of inspection is known to the third person but the defect is unknown, demonstrates reliance by the third person upon the defendant's safety inspection of the defective instrumentality. We therefore conclude that it is unnecessary for the employee to show acts (other than use) or omissions in his own precautions caused by the safety inspec-

tion. An employee's reliance on safety inspections by his employer's insurance company therefore can be shown by the employee's testimony that he relied on the inspections together with his reasons for relying. *See Cleveland v. American Motorists Ins. Co.*, supra.

The soundness of this conclusion is illustrated by a hypothetical elevator case. An employee observes an elevator in the employer's building being inspected by the defendant's employee. The inspector, observing a dangerous defect, exits the elevator to report the condition to the employer. As the inspector exits the elevator, the employee enters it, but the inspector gives the employee no warning. The elevator falls and the employee is killed. As stated above, it is unnecessary for the employee to show acts (other than use) or omissions in his own precautions caused by the safety inspection.

Universal argues that reliance should be proven by acts or omissions other than continuing the customary use of a piece of equipment. But where liability is based on negligent safety inspections, reliance typically will be demonstrated by continuation of business as usual in the belief that any necessary precautions would be taken or called to the user's attention. Universal's argument essentially is that it is too 'easy' for an injured person to testify that he relied. We note that it is equally 'easy' for an injured person to testify that had he not relied, he would have taken other precautionary steps. For example, using the facts of this case, if one were to assume that an employee in Smith's position would testify that he relied on the inspection although he did not, one would as readily assume that such an employee would testify that had he not been aware safety inspections were conducted, he would not have used the air hose until the defect was corrected or would have used it in a different manner. Thus we discern no policy reason to adopt Universal's argument. As Prosser noted, the plaintiff

may testify to his reliance but the court or jury is not compelled to believe him. Prosser, Law of Torts, 4th ed., pp. 715, 716 (1971).

*Universal Underwriters Insurance Co.,* 253 Ga. at 589–92, 322 S.E.2d at 271–73.

■ We are grateful to the Supreme Court of Georgia for its cooperation and assistance. We now apply the law, as stated by the Supreme Court, to the facts of this case, and hold that the evidence was sufficient to support the jury's finding of employee reliance.

■ This case presents three other issues, which we did not address in our earlier opinion: (1) whether the evidence was sufficient to show that Universal Underwriters Insurance Company ("Universal") actually inspected the injury-causing air hose; (2) whether the evidence was sufficient to show that Universal, as a result of its inspection, possessed or should have possessed superior knowledge of the defect; and (3) whether the district court abused its discretion by admitting evidence of certain out-of-court statements. As to the first two issues, we hold that, though the evidence is not compelling, it is sufficient to support jury findings of both actual inspection and superior knowledge. As to the third issue, we hold that the statements were not inadmissible hearsay, and that the district court did not abuse its discretion by admitting them.

Having found the evidence sufficient to support the jury's verdict and no abuse of judicial discretion, we AFFIRM. Appellant's motions to file a supplemental brief and for additional oral argument are DENIED.