**Jack SMALLWOOD and Amanda Smallwood, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 197–060.**

United States District Court,
S.D. Georgia,
Augusta Division.

Nov. 17, 1997.

---

Stanley G. Jackson, Augusta, GA, for Plaintiffs.

Richard R. Stone, Sr., Tr., Atty., Torts Br., U.S. Dept. of Justice, Washington, DC, for Defendants.

## ORDER

BOWEN, Chief Judge.

Before the Court in the above-captioned matter is Defendant's Rule 12(b)(1) Motion to Dismiss the Complaint for lack of subject matter jurisdiction. After careful review of the briefs submitted by the parties and relevant statutory and case law, the Defendant's Motion is hereby **GRANTED** for the following reasons.

### I. FACTUAL BACKGROUND

This case arises out of a workplace injury occurring on May 27, 1993, to Jack Smallwood at Georgia Iron Works (GIW). At the time of injury, GIW had employed Mr. Smallwood for some nine years. Specifically, Mr. Smallwood accidently stepped into an unguarded vat of molten metal at GIW. He was rushed to the burn unit at Augusta Regional Medical Center where he was hospitalized for thirty-three days. His right foot was severely burned and his right elbow was injured from the fall. Today, Mr. Smallwood is able to walk, but suffers from pain and numbness because of his injuries.

The Plaintiffs brought this action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), asserting that the Occupational Safety and Health Administra-tion (OSHA) negligently inspected or failed to cite GIW for dangerous conditions at its plant in Grovetown, Georgia. Plaintiffs contend that had OSHA not been negligent, GIW would have corrected the dangerous condition and Mr. Smallwood would not have been injured. Notably, a similar accident occurred eighteen years earlier at the same plant. The Defendant asserts that the Court lacks subject matter jurisdiction over this case because no private cause of action exists under state law, and because the case falls within two exceptions to the FTCA's waiver of sovereign immunity.

### II. ANALYSIS

#### A. Motion to Dismiss: Rule 12(b)(1)

All federal courts are courts of limited subject matter jurisdiction. U.S. Const. art. 3, § 2. A 12(b)(1) motion challenges a court's subject matter jurisdiction over a case. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990). If a court lacks subject matter jurisdiction over a matter, it must dismiss it. In a 12(b)(1) motion, the Court must read the complaint in a light most favorable to the Plaintiffs and accept all factual allegations as true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 1276, 113 L.Ed.2d 335 (1991).

#### B. The Defendant's Motion

Under the principles of sovereign immunity, the United States Government cannot be sued for tort damages without its consent. Congress, through the FTCA, waived immunity to suit for civil actions

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, *if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*

28 U.S.C. § 1346(b)(emphasis added). Nevertheless, this waiver is limited by numerous express exceptions. The Act exempts claims "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Govern-

ment, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).[1] Also, Congress exempts claims based upon "Misrepresentation." *Id.* § 2680(h).

### 1. *Duty Arising Under State Law*

Before the Court considers any exceptions to the Act, it must first be determined whether a private cause of action exists under state law. "The FTCA was not intended to create new causes of action; nor was it intended as a means to enforce statutory duties." *Howell v. United States*, 932 F.2d 915, 917 (11th Cir.1991); *see also Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir.1983)(stating that the "FTCA was not intended to redress breaches of federal statutory duties," but to redress "garden variety common law torts recognized by state law"). The state law to be applied is the law of the state where the tort occurred. *Howell*, 932 F.2d at 917. Accordingly, for Plaintiffs to recover under the FTCA, a private cause of action must exist under Georgia law.

Defendant claims that no private cause of action exists under Georgia law for failure to properly enforce federal regulations and cite offending employers. Conversely, Plaintiffs claim that under Georgia law a private party would be liable for negligent safety inspection of a facility. In support, Plaintiff cites *Womack v. Central Ga. Gas Co.*, 85 Ga.App. 799, 70 S.E.2d 398 (1952) and *Mull v. Aetna Cas. & Sur. Co.*, 226 Ga. 462, 175 S.E.2d 552 (1970). While *Womack* did involve negligent inspection, it is not helpful because it involved the sale, installation, and inspection of goods. Here, OSHA was not involved in a business transaction for profit, but was merely providing a required governmental inspection. However, language in *Mull* states that

one can be liable for voluntary or gratuitous undertakings. 226 Ga. at 464, 175 S.E.2d 552.

### a. *Good Samaritan Doctrine*

Georgia has adopted the version of the "good samaritan" doctrine set forth in § 324A of the Second Restatement of Torts:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) he has undertaken to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

*See Huggins v. Aetna Casualty & Surety Co.*, 245 Ga. 248, 264 S.E.2d 191 (1980). This test has been used in Georgia cases to determine liability of private parties for negligent safety inspection. *Howell*, 932 F.2d at 918 (citing *Universal Underwriters Ins. Co. v. Smith*, 253 Ga. 588, 322 S.E.2d 269 (1984); *Argonaut Ins. Co. v. Clark*, 154 Ga.App. 183, 267 S.E.2d 797, (1980)). Accordingly, for OSHA to be liable under the "good samaritan" doctrine, its inspectors' acts or omissions must have increased the risk of harm, or undertaken performance of a duty owed by GIW to its employees, or induced reliance by GIW's employees.

### i. *§ 324A(a)*

Under Georgia law, the acts or omissions of OSHA's inspectors did not increase the

---

1. Under the discretionary function exception, determinations made by administrators "in establishing plans, specifications or schedules of operations" do not form a basis for a tort action under the FTCA. *Dalehite v. United States*, 346 U.S. 15, 35, 73 S.Ct. 956, 967, 97 L.Ed. 1427 (1953). Moreover, "the acts of subordinates in carrying out the operations of government in accordance with official direction cannot be actionable." *Id.* at 36, 73 S.Ct. at 968. For conduct to be discretionary, it must involve some "element of judgment or choice." *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 1958, 100 L.Ed.2d 531 (1988). Therefore, if a Government employee has no choice because of a regulation, there can be no exception if the

employee disregards the regulation. The crux of the discretionary function exception is to give Government administrators the ability to exercise policy judgment without being second guessed by the courts. *Id.* at 536–37, 108 S.Ct. at 1958–59.

OSHA would not be able to claim the discretionary function exception if its inspectors violated OSHA's own rules for inspecting the plant or, for example, ran over Mr. Smallwood on the way to inspect the plant. The exception would apply, however, if the inspectors were negligent in inspecting the plant, but were exercising choice or judgment in performing their duties.

risk of harm. *See Argonaut,* 154 Ga.App. at 185, 267 S.E.2d 797. A gratuitous party only creates a risk of harm under the "good samaritan" doctrine "when a nonhazardous condition is made hazardous through the negligence of a person who changed its condition or caused it to be changed." *Id.* Here, the OSHA inspectors caused no change to the vats by their acts or omissions. Indeed, if the vats were hazardous, they were hazardous prior to the inspections.

### ii. § 324A(b)

Moreover, liability under § 324A(b) of the Restatement does not exist either. The Eleventh Circuit has stated that for liability to exist under this section the duty in question must be completely assumed by the gratuitous party. *Hutcherson v. Progressive Corp.,* 984 F.2d 1152, 1156 (11th Cir.1993). The responsibility for plant safety lies with GIW. OSHA does not assume the responsibility of ensuring plant safety by inspecting facilities for compliance with federal regulations. *See Howell,* 932 F.2d at 919 (concluding that the FAA through its inspections does not assume responsibility for aircraft safety but only "supplement[s] rather than supplant[s] the duties of the airline—duties which the airline could not, and did not delegate").

### iii. § 324A(c)

Therefore, Plaintiffs must prove reliance to establish liability. Under Georgia law, the "reliance must be actual though not necessarily specific." *Id.* "[I]f plaintiff cannot point to specific acts or omissions in his own precautions made in reliance on the inspection, plaintiff's use of the defective instrumentality may demonstrate reliance 'where the fact of inspection is known ... but the defect is unknown.'" *Id.* (quoting *Universal Under-writers,* 253 Ga. at 591, 322 S.E.2d 269). The Eleventh Circuit in *Howell* found that actual knowledge of the inspection must exist and a general knowledge that inspections occur would be insufficient under Georgia law to establish reliance. *Id.* at 919 n. 5. Plaintiffs have not suggested nor pled reliance upon OSHA's inspections. Plaintiffs' Complaint specifically states that

> [h]ad the OSHA's inspectors prior to May 27, 1993 not been negligent or failed in omitting to cite the dangerous and unguarded condition from their reports, then Georgia Iron Works would have provided guards around the open vats of metal, which would have prevented the injuries from occurring.

(Complaint at ¶ 12). The gravamen of Plaintiffs' case is that if OSHA had cited GIW for the condition concerning the vats, then guards would have been erected around the vats and Mr. Smallwood would not have stepped into the vat. No hint of reliance exists here. Therefore, Plaintiffs cannot establish a "good samaritan" cause of action under Georgia law. The FTCA is therefore inapplicable. Consequently, it is unnecessary to address Defendant's contention that the discretionary function and misrepresentation exceptions to the FTCA would apply.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss for lack of subject matter jurisdiction under 12(b)(1) is hereby **GRANTED.** The Clerk is instructed to enter FINAL JUDGMENT in favor of the Defendant and CLOSE this case. The Clerk is further instructed to assess costs against the Plaintiffs.